[S. F. Nos. 1535, 1536. Department Two.—January 25, 1901.]

# THOMAS J. CONWAY, Appellant, v. SUPREME COUNCIL CATHOLIC KNIGHTS OF AMERICA, Appellant, and GEORGE P. NOONAN et al., Respondents.

BENEFIT SOCIETY—BY-LAWS—CHANGE OF BENEFICIARY.—The by-laws of a benefit society providing a specific mode in compliance with which the beneficiary named in a benefit certificate may be changed form a part of the contract, and the association may require a compliance with them, or may refuse to pay the changed beneficiary.

ID.—ASSIGNMENT OF BENEFIT CERTIFICATE AS SECURITY—FAILURE TO CHANGE BENEFICIARY—ESTOPPEL IN PAIS—EQUITY.—Where the benefit certificate was assigned both by the member holding it and the beneficiary named therein to secure sureties of such member, who were compelled to pay his debt, if there was no compliance with the by-laws for change of the beneficiary, such sureties could not enforce their demand directly against the benefit society; but where all the parties in interest are before the court, in an action by the beneficiary named to enforce the policy, there will be raised against him an estoppel *in pais* to deny the sufficiency and validity of the transfer for security, and he will be compelled to reimburse the sureties to the extent of their outlay with interest if their demand is not barred by limitation.

ID.—PLEA OF STATUTE OF LIMITATIONS—OMISSION IN FINDINGS.—Where in answer to the pleadings of the sureties made parties defendant, both the plaintiff and the benefit society pleaded that their demand for payment against the deceased member was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, and that the assignment as security had lapsed and become of no effect, the failure to find upon the issues so presented is ground for reversal of a judgment in favor of the sureties.

ID.—EXTINGUISHMENT OF LIEN—BAR OF PRINCIPAL OBLIGATION—NECESSITY OF FINDING.—Under section 2911 of the Civil Code a lien is extinguished by the lapse of the time within which an action can be brought upon the principal obligation; and where the principal obligation in favor of the sureties to whom the benefit certificate was assigned as security appears to be barred unless reduced to judgment, or in some other form kept alive and enforceable, the court must find specifically, upon a plea of the statute of limitations.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Black & Leaming, for Thomas J. Conway, Appellant.

William Caldwell, for Supreme Council Catholic Knights of America, Appellant.

D. R. Gale, and John T. Campbell, for Respondents.

HENSHAW, J.—In 1889 the defendant, the Supreme Council of the Catholic Knights of America, a beneficial order incorporated under the laws of Kentucky, issued its benefit certificate to one John M. Conway, by which, upon the death of John M. Conway at a time when he was in good standing in the order, there should be paid to his nephew, Thomas J. Conway, the sum of two thousand dollars. The defendants Noonan, Shay, and Menihan became sureties for John M. Conway in the sum of sixteen hundred dollars, and to protect and secure them an assignment and transfer was made to them of the policy. The assignment declared that the transfer was made as security, and it was executed by both the assured and his nephew, Thomas J. Conway. In June, 1893, the defendant sureties were compelled to pay sixteen hundred dollars, the amount for which they were holden upon their undertaking. In August, 1896, John M. Conway died in the state of California, of which he had been a resident for some years. This action was begun by the nephew, Thomas, against the benevolent order to recover the amount of the policy. The sureties were called in and made parties defendant. They asserted a right to the moneys due on account of the policy by virtue of the foregoing facts, or at least to sufficient to reimburse them for their outlay. After trial judgment passed for the defendant sureties, and the plaintiff and the Supreme Council of the Catholic Knights appeal from this judgment and from the order denying them a new trial.

The by-laws of the Catholic Knights provide a specific mode in compliance with which the beneficiary named in the certifi-

cate may be changed.   It has uniformly been held in organizations such as this that the by-laws form a part of the contract, and that the association may require a compliance with them, or refuse to pay.   (*McLaughlin v. McLaughlin,* 104 Cal. 171[1]; *Levy v. Magnolia Lodge,* 110 Cal. 297; *Hass v. Mutual Relief Assn.,* 118 Cal. 6.)   In this instance there was no substantial compliance with the requirements of the by-laws, and it must therefore be held that were these sureties merely seeking to enforce their demand against the order, the latter would be justified in law in its refusal to pay.   But the actual situation here presented is somewhat different.   All the parties in interest are before the court, and equity may be done.   As between the original beneficiary and the Catholic Knights there is no dispute but that the nephew would be entitled to the money.   He has a well-founded and strict legal claim to a recovery, but the equities of the defendant sureties are not to be overlooked.   Having regard to them, it is clear that the plaintiff, who had formally joined in the written assignment upon the security of which the defendants Noonan and others paid out a large sum of money, would be compelled to reimburse them to the extent of their outlay with interest, and would be entitled to receive for his own benefit only the difference between the two thousand dollars and that amount.   In other words, there would be raised against him a clear estoppel *in pais* to deny the sufficiency and validity of the transfer.

But another consideration enters into the matter.   Both Conway and the Catholic Knights answered the pleadings of the defendants sureties, urging "that the claim and obligation so set up by said Noonan, Shay and Menihan against said John M. Conway, deceased, is barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure of California, and the assignment of said benefit certificate made as collateral for said indebtedness has lapsed and is barred by said section, and has fallen and become of no force and effect whatever."   The findings of the court are merely that the sureties were compelled to pay, and did pay, in June, 1893, and that John M. Conway died in August, 1896.   By section 2911 of the Civil

[1] 43 Am. St. Rep. 83.

Code it is provided that a lien is extinguished by the lapse of the time within which under the provisions of the Code of Civil Procedure an action can be brought upon the principal obligation.    There is no doubt but that the principal obligation in this case was barred under the provision of the section of the Code of Civil Procedure pleaded, unless it had been reduced to judgment or in some other equally effective form had been kept alive and enforceable.    The court has failed to find upon this vital question, and the judgment and order must, therefore, be reversed and the cause remanded.

It is so ordered.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.