[S. F. No. 3001.    Department Two.—September 22, 1902.]

## THOMAS J. CONWAY, Appellant, v. SUPREME COUNCIL, CATHOLIC KNIGHTS OF AMERICA, Appellant; and GEORGE P. NOONAN, CORNELIUS SHEA, and MICHEL MENIHAN, Respondents.

BENEFIT SOCIETY—CERTIFICATE—ASSIGNMENT TO SURETIES—REIMBURSEMENT — STATUTE OF LIMITATIONS — EXTINGUISHMENT OF LIEN — RIGHTS OF BENEFICIARY—ESTOPPEL.—Where a benefit certificate payable to the plaintiff, as beneficiary, was assigned by the member of the benefit society as collateral security to indemnify his sureties, who were compelled to pay his debt, and who were designated as beneficiaries in the assignment, but were not properly made such, under the rules of the benefit society, and the sureties neglected to bring any action against the principal for reimbursement for more than two years,—his obligation to reimburse them, not having been renewed or extended by him in writing, became barred by the statute of limitations, and the lien of the sureties upon the certificate became thereby extinguished, as against the lawful beneficiary, who may enforce its payment, if not estopped to claim such extinguishment.    Under the circumstances of the case, it is held that there was no such estoppel.

ID.—RENEWAL OF LIEN.—If it be conceded that there was a new promise upon which an action could be brought, made after the lien was extinguished, the lien could thereafter only be renewed by compliance with the requirements of section 2922 of the Civil Code.

ID. — FINDINGS — STIPULATED FACTS — PRESUMPTIONS UPON APPEAL. — Where findings were waived because the facts were stipulated, the stipulated facts become part of the judgment-roll and the findings upon which the judgment rests; and no presumptions can be indulged upon appeal against any stipulated fact.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Black & Leaming, for Thomas J. Conway, Appellant.

William Caldwell, for Supreme Council, Catholic Knights of America, Appellant.

D. R. Gale, and John T. Campbell, for Respondents.

CHIPMAN, C.—Action to enforce the payment by defendant the Supreme Council, Catholic Knights of America, a

corporation, of a benefit certificate calling for two thousand dollars, issued to John M. Conway, naming his nephew, plaintiff, as beneficiary.   At the first trial the defendants Noonan, Shea, and Menihan had judgment, and on the appeal of plaintiff and defendant corporation the judgment was reversed, for the reason that there was no finding on the plea of the statute of limitations (Code Civ. Proc., sec. 339, subd. 1) interposed by both appellants.   (*Conway* v. *Supreme Council etc.*, 131 Cal. 437.)   Defendants Noonan, Shea, and Menihan became sureties for John M. Conway, who assigned the certificate to them as collateral security.   They were compelled to pay Conway's debt, which they did on June 4, 1892, (erroneously stated in former appeal June, 1893,) and Conway died in August, 1896.   The court said: "By section 2911 of the Civil Code it is provided that a lien is extinguished by the lapse of the time within which under the provisions of the Code of Civil Procedure an action can be brought upon the principal obligation.   There is no doubt but that the principal obligation in this case was barred . . . unless it had been reduced to judgment or in some other equally effective form had been kept alive and enforceable.   The court has failed to find upon this vital question, and the judgment and order must therefore be reversed."   (*Conway* v. *Supreme Council etc.*, 131 Cal. 437.)   At the retrial the same facts were restipulated and some supplemental facts were also stipulated, and the court again rendered judgment for defendants, the sureties, and the appeal is by plaintiff and the corporation, as before, from the judgment and from the order denying a new trial.

Paragraphs 17 and 18 of the supplemental stipulation are as follows: "17. That during a period of more than two years prior to the death of said John M. Conway, to wit: from January 18, 1894, until his death, the said John M. Conway was continuously at his said home in the state of California and was not during said time out of the state.   18. That no action has at any time been brought or judgment recovered by the said Noonan, Shea, and Menihan, or either of them, against said John M. Conway, or Thomas J. Conway, (except this action,) for said surety indebtedness, . . . nor has any new promise in writing been made by the said John M. Conway or Thomas J. Conway to said Noonan, Shea, and Menihan,

nor has the time for payment by the said John M. Conway been in any way extended.'' The indebtedness for which Noonan, Shea, and Menihan became sureties was the obligation of John M. Conway, deceased, which they paid June 4, 1892, to secure which the benefit certificate was assigned to them. What was true at the former trial is true now,—namely, that as John Conway died in 1896, and had not been out of the state for more than two years prior to his death, the principal obligation was barred (Code Civ. Proc., sec. 339), and the lien became extinguished (Civ. Code, sec. 2911),—''unless,'' as was held in the former appeal, ''the principal obligation had been reduced to judgment or in some other equally effective form had been kept alive and enforceable.'' The case is here on the same facts as before, with the above additional facts on the question of the bar to the action. As we understand respondents, they claim that because findings were waived the judgment has the support of every presumption in its favor; that the stipulations of the facts were read in evidence without objection, and that there is nothing here to review. But findings were waived because counsel stipulated as to the facts, and the facts thus stipulated became a part of the judgment-roll and the findings of the court on which its judgment rests. (*Muller* v. *Rowell,* 110 Cal. 318; *McMenomy* v. *White,* 115 Cal. 339.) It is also claimed by respondents that as the assignment went in with the other agreed facts without objection it is now too late to make objection to it. This is true as to any objection to the admissibility of the evidence, but is not true as to its legal effect, which is really the only question appellants are contesting; and they insist that the stipulated facts not only do not support the judgment, but require a judgment for plaintiff. The bar of the statute was pleaded at the former trial, and at the second trial, and the cause was remanded on the sole ground that the court had made no finding on ''this vital question.'' As to the statute barring the action, the former decision must stand as the present decision, unless in some way the extinguished lien has been given new life, or there has been shown a waiver or some sort of an estoppel. The contention of respondents is, that ''plaintiff waived all claim to the benefit certificate, and waived the statute of limitations, if it ever had run in the case,'' and that ''after all that was done, the plaintiff is estopped from claim-

ing title to the money or the certificate as against Noonan, Shea, and Menihan.'' These consequences are claimed by respondents to have resulted from a certain correspondence between the secretary of defendant corporation and Noonan, Shea, and Menihan, from the assignment of the certificate, and from the fact that the secretary of the corporation agreed to and did make out a warrant for two thousand dollars and sent it to one McMahon, to be delivered to Conway, to whom it was payable; and later plaintiff and defendants, the sureties, signed a receipt for the money and sent it to the secretary of the defendant corporation. The correspondence alluded to was in the record on the former appeal, and, although not mentioned in the opinion, it was commented on by counsel in their briefs, and no doubt had the attention of the court. This correspondence and what came of it may be briefly stated. March 29, 1897, Noonan wrote Secretary O'Rourke at Fort Wayne, Indiana, expressing surprise that O'Rourke had decided to pay the certificate to Conway, plaintiff, and the beneficiary named in the certificate; called attention to the assignment to him (Noonan) and others, and hoped he would not have to resort to the courts. April 5th, O'Rourke replied that he would like nothing better than to have suit brought and let the court decide the assignment was good, which O'Rourke thought it was not, as it was not made in accordance with the society's laws. April 13th, Noonan writes again, stating that Conway had signed a receipt and did not claim the money, but wanted the assignees to have it; he inclosed a copy of the assignment and receipt. April 19th, O'Rourke replies, stating that if Noonan would send the original assignment or Conway's receipt on the back of the benefit certificate he would pay the money to the assignees. April 26th, Noonan sends the ''original assignments, etc.'' May 22d, O'Rourke writes that he cannot pay the certificate in the manner it is presented, as it would be in violation of the society's regulations, and again writes that if Noonan would follow his instructions the money would be paid. May 28th, Noonan sends the certificate, assignment, and receipt signed by the parties in interest. June 7th, O'Rourke replies that he had on that day drawn a warrant in favor of Conway, and had sent it to one McMahon, San Francisco, for delivery and to have the signature of Conway witnessed. June 26th, O'Rourke wrote

that McMahon had informed him that Conway had "not come to get the money"; that the assignment to Noonan and others was not in accordance with the laws of the Catholic Knights, and that the money could not be paid to the assignees. This ended the correspondence. The benefit certificate gives to the assured the right "to surrender this certificate and receive a new one, and may substitute another beneficiary or beneficiaries therein, if he so desires, by complying with the laws of the order upon the subject." The certificate and all its conditions were accepted by the assured. The laws of the society provided that a member "may change his beneficiary upon complying with the requirements hereinafter provided and upon the surrender of his benefit certificate and a payment of fifty cents." To do this he must "apply to the branch for its consent to the change, which application shall be in writing, and read at a regular meeting of the branch, and deferred for branch action to the next regular meeting; if three fourths of those present approve of the change as requested, the change shall be made by the supreme secretary upon the receipt of the benefit certificate and a fee of fifty cents, accompanied by a certified copy of the branch action." None of these requirements were complied with; all that was done was to indorse on the certificate the assignment, naming the assignees as beneficiaries, "to secure" the assignees "against loss by reason of their acting as sureties for said John M. Conway for $1,600." It was stipulated that the assignees "made due proof of their claim as assignees," and the defendant corporation "refused payment and still holds said money." Plaintiff "made due proof of the death of John M. Conway and of his claim as beneficiary under said benefit certificate, but the defendant Supreme Council, Catholic Knights of America, refused payment by reason of the adverse claim of defendants Noonan, Shea, and Menihan, hereinabove set forth." The foregoing are all the facts found in the record from which respondents deduce their conclusion that there was a waiver of the extinguished lien, or a revival or renewal of it, or an estoppel against the right of plaintiff to now claim that the lien is extinguished. Appellants contend that these questions were necessarily decided in their favor in the former appeal and the decision is the law of the case; reference is made to the transcript in that appeal and to the briefs of coun-

sel to prove this.   In that appeal the court found a vital
question—namely, the statute of limitations—upon which
there was no finding.   The court did not in the opinion refer
to the foregoing correspondence as bearing upon the questions
now urged, and it was not necessary that it should do so.   The
case had to be remanded on another point, and the court
might well have ignored the questions of waiver and estoppel,
as the evidence at the second trial might not be the same.
At all events, we think respondents entitled to be heard at this
time on these matters.

Section 360 of the Code of Civil Procedure provides that
"No acknowledgment or promise is sufficient evidence of a new
or continuing contract by which to take the case out of the
operation of this title [time of commencing civil actions],
unless the same is contained in some writing signed by the
party to be charged thereby."   In this case the correspondence
relied on by respondents all occurred long after the principal
obligation was barred and the lien had become extinguished.
If it be conceded that there was a new promise upon which
an action might be brought, it did not renew or continue the
lien, which could only be renewed by compliance with the
requirements of section 2922 of the Civil Code.   *Weinberger*
v. *Wiedman,* 134 Cal. 599, is the latest case in this court on
the subject.   (See, also, cases there cited.)   But there was in
the present case not only no promise to renew the principal
obligation before the statute had run, but the parties stipu-
lated, and the agreed facts show, that there was not "any
new promise in writing made . . . nor has the time for pay-
ment by the said John M. Conway been in any way extended."
Respondents would have us resort to presumptions in support
of the judgment, and it is claimed that "in order to uphold the
judgment of the trial court in this case, if necessary, this court
must presume that the lien was never extinguished."   Also,
that the court must presume, when the assured made the as-
signment, he "signed a paper waiving the statute of limita-
tions, and that the assignee would forbear to sue him, and
would wait and collect the money on the policy, and waived
any defense against the assignees."   The office of presump-
tions is not to overthrow admitted facts, but rather to supply
the absence of facts; there can be no presumption against
ascertained and established facts.   Respondents' position is

wholly untenable in assuming that the very facts here established must be presumed to be otherwise than as ascertained. There was no waiver of the statute and no renewal of the lien. Nor do we think there is in the facts anything to warrant our holding that plaintiff is estopped to plead the statute of limitations and the extinguishment of the lien. All that was done by the parties was to make an unsuccessful effort to so far comply with the laws of the society as to justify it in paying the money. No one changed his position to his injury by any representations made. It does not appear who now holds the certificate, and it matters little. If the lien could be enforced at all, it could be enforced if the society now has possession of the certificate as well as if it still remained in the hands of the assignees. They have lost no substantial rights by any change of position; their initial and fatal mistake was in allowing the principal obligation, to secure which alone they hold the certificate, to become barred. Nothing they or other of the parties have done since has in any way prejudiced any of their rights. There can be no estoppel under the circumstances of this case. It is strongly urged that a reversal of the judgment would be highly inequitable, and this view may in some degree have influenced the trial court. "But," as was said in *Weinberger* v. *Wiedman,* 134 Cal. 599, "it is for the legislature, and not for the courts, to determine when the bar of the statute is a legal and proper defense. The policy is plainly laid down that debts must be collected within certain periods, reduced to judgment, or kept alive in the mode designated, or they will be barred." The courts cannot act upon sentimental considerations, but must administer the law as they find it.

It is advised that the judgment and order should be reversed and the cause remanded, with directions to enter judgment for plaintiff.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded, with directions to enter judgment for plaintiff.

Henshaw, J., McFarland, J., Temple, J.