[S. F. No. 2616. In Bank.—March 11, 1904.]

## MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent, v. PACIFIC FRUIT COMPANY, Respondent, and HATTIE S. BREWER, Appellant.

PLEDGE—STATUTE OF LIMITATIONS—EXTINCTION OF LIEN.—Under section 2911 of the Civil Code, the lien of a pledge as security for indebtedness is extinguished by the lapse of the time within which an action can be brought upon the principal obligation.

ID.—PLEDGE OF LIFE-INSURANCE POLICIES — INTERPLEADER — PLEA OF STATUTE—OMISSION IN FINDING.—Where paid-up policies of life insurance payable to the wife of the insured were transferred by the husband and wife as security for the indebtedness of the husband, which was allowed to become barred by the statute of limitations, and after the death of the insured an action of interpleader was brought by the insurance company against the wife and the debtor, and the wife pleaded the statute of limitations against the debt, it was error for the court to fail to find thereupon, and to award judgment in favor of the debtor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion for a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

William H. Jordan, and Walter S. Brann, for Appellant.

The lien of the pledgee was extinguished, as against the pledgor, who had the right to plead the bar of the statute. (Civ. Code, sec. 2911.) The absolute form of the assignment of the policies as collateral security for a debt is of no consequence. (Jones on Pledges, sec. 17; Colebrooke on Collateral Security, sec. 29; *Borland* v. *Nevada Bank,* 99 Cal. 89;[1] *Conway* v. *Supreme Council,* 131 Cal. 437; 137 Cal. 384; *Leas* v. *James,* 10 Serg. & R. 314; *Perit* v. *Piltfield,* 5 Rawle, 166-171; *Jones* v. *Johnson,* 3 Watts & S. 276-278.[2]) The policies were the separate property of the wife (*Estate of Dobbel,* 104 Cal. 472), and there was no consideration for a pledge thereof to secure the husband's antecedent indebtedness. (*Chaffee* v. *Brown,* 109 Cal. 211; *California Fruit Transportation Co.* v. *Anderson,* 79 Fed. 404.) The title to the policies remained in the wife after the assignment, by way of collateral security, and she is entitled to receive payment as owner. (Civ. Code, sec. 2888.)

Olney & Olney, for Defendant-Respondent.

The appellant is barred by the statute of limitations, and the respondent is protected by an adverse title under an absolute assignment. (*Peshine* v. *Ord,* 119 Cal. 311.[3]) A married woman may assign her separate property to secure an existing debt of the husband. (*Walker* v. *Dixon Co.,* 47 N. J. Eq. 343; *Shipman* v. *Lord,* 58 N. J. Eq. 380; *Kendall* v. *Equitable Life Ins. Co.,* 171 Mass. 208, 212; *Dewees* v. *Osborn,* 178 Ill. 39; *Robinson* v. *Boyd,* 60 Ohio St. 57; *Connecticut Life Ins. Co.* v. *McCormick,* 45 Cal. 580.) This case is not within the operation of section 2911 of the Civil Code, but if so, the assignment being absolute, the statute of limitations began to run against the recovery of the policies as soon as the statute bar attached, and all right of recovery was barred long before the commencement of the action. (*Lance* v. *Bonnell,* 58 N. J. Eq. 259; *Mills* v. *Mills,* 115 N. Y. 80; *Hancock* v. *Franklin Ins. Co.,* 114 Mass. 155; *Hunt* v. *Nevers,* 15 Pick. 500.[4])

[1] 37 Am. St. Rep. 432.     [3] 63 Am. St. Rep. 131.
[2] 38 Am. Dec. 760.     [4] 26 Am. Dec. 616.

Mullany, Grant & Cushing, *Amici Curiæ*, also for Respondent.

Though the lien be extinguished, the possession remains as before, and section 2911 does not apply to nullify the possession of property under a transfer in trust as security which is not a lien. (Civ. Code, secs. 2872, 2986; *Plucker* v. *Teller*, 174 Pa. St. 529;[1] 18 Am. & Eng. Ency. of Law, 1st ed., 589, 681; *Williams* v. *Ashe*, 111 Cal. 185.) The bar of the statute can only be used as a shield, and not as a sword, and cannot be the basis for affirmative relief. (*Grant* v. *Burr*, 54 Cal. 298; *Spect* v. *Spect*, 88 Cal. 437, 441;[2] *Zellerbach* v. *Allenberg*, 99 Cal. 57, 69; *Booth* v. *Hoskins*, 75 Cal. 276; Jones on Pledges, sec. 582.)

HENSHAW, J.—This action was brought by the plaintiff against the appellant and respondent to compel them to interplead their claims to $1,480, the proceeds of two life-insurance policies, plaintiff paying the money into court to abide its decision. The appellant and respondent thereafter filed their respective pleas. After trial the court made its findings and awarded judgment to the respondent. This appeal is from the judgment and from the order denying appellant's motion for a new trial.

The essential facts are the following: Plaintiff issued to Michael T. Brewer, the then husband of the appellant, two paid-up policies of life insurance, aggregating the sum of $1,480. These policies were by their terms made payable to the appellant. Brewer was indebted to the respondent the Pacific Fruit Company in the sum of $2,134.37, evidenced by his promissory notes. In January, the notes remaining unpaid, appellant and her husband, by an instrument in writing absolute in form, transferred and assigned to said respondent the policies. The court found that the policies were transferred to said respondent as security for the indebtedness of Michael T. Brewer. Brewer died in December, 1898, leaving the indebtedness to respondent unpaid. During all the time after the assignments were made up to the time of the death of Michael T. Brewer, nearly thirteen years, the policies remained in the possession of the respondent.

[1] 52 Am. St. Rep. 825.    [2] 22 Am. St. Rep. 314.

Appellant pleaded that the statute of limitations had barred a recovery upon Brewer's debt.

The court failed to find upon that plea. The case, it will be observed, is in its essential facts identical with that of *Conway* v. *Supreme Council,* 131 Cal. 437, and 137 Cal. 384. By these decisions it is held that, as under section 2911 of the Civil Code a lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation, the pledgee who has been guilty of such laches as to allow his remedy upon the principal obligation to become barred loses his lien. In the Conway case in 131 Cal. it was held that the court should have found upon the plea of the statute of limitations, which was there interposed, and for its failure so to do the judgment was necessarily reversed. The same situation is here presented.

In the case of *Zellerbach* v. *Allenberg,* 99 Cal. 69, the attention of this court was not directed to section 2911 of the Civil Code. In *Commercial etc. Bank of San Jose* v. *Hornberger,* 140 Cal. 16, all that is decided is, that if the original debt has been kept alive by judgment or in any other equally enforceable form, the pledgee's lien continues, and under the facts of that case that the statute of limitations had not run against the principal obligation within the meaning of section 2911. The points decided, therefore, are in harmony with the interpretation given in the Conway cases. It should be remarked that section 2911 was designedly passed to change the former rule respecting the continued existence of a lien after the statute of limitations has barred the remedy upon the principal obligation. Thus the proposed Civil Code of New York (the Field Code), from which admittedly so many of the provisions of our own code have been taken, provided (sec. 1605), in accordance with the common rule: "A lien is not extinguished by the mere lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." Our own codifiers industriously changed this language, and declared that a lien is extinguished by such lapse of time. We have thus adopted a rule contrary to that existing at the common law (*Taunton* v. *Goforth,* 6 Dowl. & R., p. 384), and contrary,

therefore, to the authorities of those states where the common-law rule has not been abrogated by express statute.

The judgment and order appealed from must be reversed and the cause remanded, with directions to the trial court to find upon the plea of the statute of limitations interposed by appellant, and, if that plea be well taken, judgment in her favor should follow accordingly.

McFarland, J., Lorigan, J., and Van Dyke, J., concurred.

On April 9, 1904, a rehearing was denied. Beatty, C. J., delivered the following dissenting opinion, in which Shaw, J., concurred:—

BEATTY, C. J.—I dissent from the order denying a rehearing of this cause. It was originally submitted in Department upon briefs, respondent claiming an affirmance of the judgment and order of the superior court upon several distinct and independent grounds,—among others, upon a finding of facts sustaining its plea of the statute of limitations. In the opinion delivered in Department this and other contentions of respondent were left unnoticed, the judgment and order being affirmed for reasons which, as pointed out in appellant's petition for a rehearing, were inconsistent with what we had recently decided in *Conway* v. *Supreme Council*, 131 Cal. 437, and 137 Cal. 384. This conflict of decisions rendered a rehearing necessary, and it was accordingly ordered; but it did not follow that a return to the doctrine of that case would necessitate a reversal in this case, for there still remained the respondent's plea of the statute of limitations, which it had all the time been strenuously urging, and to which no consideration has been given on rehearing. I think that if it were even clear that the respondent's contention on this point is unfounded, it should nevertheless have been noticed, but so far from being unfounded the position of respondent seems to me to be well supported on principle and authority. If the appellant is now entitled to this insurance, her right of action to recover the policies accrued when the lien was extinguished, which was seven years before this action was commenced, during all of which time the respondent held the policies under an assignment absolute in terms and claim-

CXLII. Cal.—31

ing them as its own. This is as good a ground of recovery as that upon which appellant bases her claim, and the equities of the case are certainly on the side of respondent.

Shaw, J., concurred.