[S. F. No. 4240. In Bank.—December 2, 1907.]

CHARLES R. PUCKHABER, Appellant, v. KATE HENRY, as Administratrix of the Estate of John P. Henry, Deceased, Respondent.

PLEDGE—EXTINGUISHMENT OF LIEN—STATUTE OF LIMITATIONS.—Under section 2911 of the Civil Code, providing that " a lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation," the lien of a pledge is extinguished by such lapse of time, and thereafter no affirmative action can be maintained on the part of the pledgee to enforce his lien.

ID.—PLEDGOR NOT ENTITLED TO POSSESSION WITHOUT PAYMENT OF DEBT. That section is applicable alike to mortgages and pledges and was not designed to prevent the application of the equitable principle which has always been recognized as warranting courts in refusing to aid the debtor in the recovery of possession of his property from the mortgagee in possession or pledgee, or in removing any cloud upon his title created by an instrument in writing given as security without paying his debt. Consequently, and notwithstanding that section, a pledgor cannot recover possession of the pledged property without paying his debt, although the debt be barred by the statute of limitations. (Mutual Life Insurance Co. v. Pacific Fruit Co., 142 Cal. 477, so far as it holds to the contrary, is overruled.)

ID.—PLEDGE OF LIFE INSURANCE POLICY—ACTION TO RECOVER PROCEEDS —PAYMENT OF AMOUNT DUE INTO COURT.—Where the pledgee of a policy of life insurance after the death of the beneficiary brings an action against the insurance company to recover the amount due on the policy and the company pays the same into court, and the personal representative of the beneficiary, who is made a party defendant, files a cross-complaint claiming to be entitled to the fund on the ground that the indebtedness due the pledgee is barred by the statute of limitations, the case so presented is the same as that of a pledgor or his successor seeking to recover possession of the pledged property from the pledgee without paying the debt for which it was pledged. The money so paid into court takes the place of the policy held in possession of the pledgee, and for all the purposes of the action should be deemed to be in his possession.

ID.—PLEDGEE MAY COLLECT POLICY.—Under section 3006 of the Civil Code the pledgee of a policy of life insurance has the right to collect from the insurer the amount of the policy when it falls due.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Mullany, Grant & Cushing, and Cushing, Grant & Cushing, for Appellant.

T. Z. Blakeman, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order granting defendant's motion for a new trial. The action was originally one against the Mutual Life Insurance Company of New York, a corporation, to recover the amount due on a policy of insurance issued by that company to John P. Henry, upon the life of said Henry, the plaintiff alleging that said policy had been assigned to him by Henry on August 22, 1896. Henry died on January 9, 1902, and the action was commenced May 8, 1902. The insurance company admitting the validity of the policy and alleging that both plaintiff and Kate Henry, administratrix of estate of Henry, claimed the proceeds of said policy, obtained an order substituting said administratrix as defendant, and discharging it from liability to either party, upon depositing in court the amount due on the policy, viz: twenty-five hundred and eleven dollars. This deposit was made. Said administratrix having been substituted as defendant, filed her answer and so-called cross-complaint. By this pleading she denied the allegations of the complainant as to assignment of the policy. She also alleged that plaintiff's only claim to the policy or any of the proceeds thereof was that he held the policy as security for the payment of a promissory note made and delivered by Henry to Puckhaber in the year 1896 and payable one day after its date, and "that the obligation evidenced by the said promissory note and all thereof had prior to the death of the said John P. Henry become barred by the provisions of the statute of limitations of the state of California, to wit: by the provisions of section 337 of the Code of Civil Procedure of the state of California." She asked that plaintiff take nothing by his action, and that the money deposited be paid to her. Plaintiff answered this so-called cross-complaint, alleging the

execution and delivery by Henry to him on August 22, 1896, of a promissory note for $688.50, together with interest from that date at eight per cent per annum, and the assignment and delivery of said policy as security for such payment. He alleged that no part of this note had been paid, and denied that the obligation evidenced by the promissory note or any part thereof had prior to the death of Henry become barred by the statute of limitations, and also alleged that his rights in and to said policy were not barred. The trial court found in accord with these allegations of plaintiff as to the assignment and delivery of the policy as security, and the nonpayment of the amount due or any part thereof. It further found that plaintiff's "cause of action herein" is not barred by any provision of the statute of limitations, but made no finding upon the issue as to the barring by such statute of the obligation evidenced by the promissory note. Judgment was given that plaintiff receive out of the sum deposited in court the amount due on said note, and that defendant receive the balance of such sum. Defendant's motion for a new trial was based upon the grounds, among others, that the evidence was insufficient to sustain the finding that the plaintiff's cause of action was not barred by the statute of limitations, and that the decision was against law in that the court had failed to find upon the issue as to the obligation evidenced by the promissory note being barred by such statute prior to Henry's death.

The evidence showed without conflict that the obligation evidenced by the said promissory note and all thereof had become barred by the provisions of section 337 of the Code of Civil Procedure prior to the death of Henry. Section 2911 of the Civil Code provides: "A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." This section is contained in the article relating to extinction of liens, and by section 2877 of the Civil Code, both contracts of mortgage and pledge are expressly made subject to its provisions. In the case of *Mutual Life Insurance Co.* v. *Pacific Fruit Co.*, 142 Cal. 477, [76 Pac. 67], this court held that, by reason of section 2911 of the Civil Code, the pledgee of a life insurance policy situated precisely as is the plaintiff here, could not share in the proceeds of the policy.

The effect of that decision is that, by reason of this section, a pledgee who has allowed his remedy upon the principal obligation to become barred cannot retain possession of the pledged property. If this decision is to be followed, it necessarily requires an affirmance of the order granting a new trial. This is conceded by counsel for plaintiff, their claim being that the case cited was incorrectly decided, and should be overruled.

We are satisfied that this court in that case misconceived the effect of section 2911 of the Civil Code. There can, of course, be no question that under its terms the lien of the pledge is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation. This is all that is said in the opinion as to the effect of this section, and it is apparently assumed from this that the lien of the pledge being extinguished, the pledgee can no longer retain possession of the pledged property, even though the debt for which it was given as security has not been paid. It is in attributing this effect to the extinguishment of the lien that we think the decision is erroneous.

Section 2911, adopted as a part of the original code in 1872, was designed simply to declare the rule previously laid down by the decisions of this court, to the effect that when an action upon the indebtedness is barred by the statute of limitations, action on any contract given by way of security for the debt is also barred. This rule was contrary to the rule existing at common law and in many of our sister states, under which an action might be maintained to foreclose a mortgage not barred by the statute, although the debt for which it was given as security was barred. It was, however, thoroughly established by a line of decisions rendered before the enactment of the codes, commencing with *Lord* v. *Morris,* 18 Cal. 482, in which the matter was exhaustively discussed in an opinion delivered by Chief Justice Field. It clearly appears from the note of the code commissioners to the original section that this was the reason for the elimination of the word "not" from the section of the New York Code, when such section was otherwise taken as a part of our own Civil Code, the New York section reading "a lien is *not* extinguished," etc., which was in accord with the rule theretofore established in that

state.  The effect of the California rule is undoubtedly to prevent any affirmative action on the part of the mortgagee or pledgee to enforce his lien, after the debt is barred by the statute of limitations.  In such a case, the lien no longer exists.  It has been "extinguished."  But the section was not designed to prevent the application of the equitable principle which has always been recognized as warranting courts in refusing to aid the debtor in the recovery of possession of his property from the mortgagee in possession or pledgee, or in removing any cloud upon his title created by an instrument in writing given as security, without paying his debt. This is thoroughly established in this state by the decisions in regard to mortgages, to which the section is equally applicable, and between which and pledges of personal property there is no distinction material to the question under discussion.  Although the lien of a mortgage is "extinguished" by the barring of the debt by the statute of limitations, the mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee, *or maintain ejectment against his mortgagee in possession.*  This is firmly settled in this state by decisions rendered since the adoption of the code sections (*Booth* v. *Hoskins,* 75 Cal. 271, 276, [17 Pac. 225] ; *DeCazara* v. *Orena,* 80 Cal. 132, [22 Pac. 74] ; *Spect* v. *Spect,* 88 Cal. 437, [22 Am. St. Rep. 314, 26 Pac. 203] ; *Brandt* v. *Thompson,* 91 Cal. 458, 462, [27 Pac. 763] ; *Hooper* v. *Young,* 140 Cal. 274, 280, [98 Am. St. Rep. 56, 74 Pac. 140] ; *Burns* v. *Hiatt,* 149 Cal. 617, [117 Am. St. Rep. 157, 87 Pac. 196]. See, also, *Grant* v. *Burr,* 54 Cal. 298.)  This is in accord with the practically universal rule.  A *debt* is not satisfied or extinguished by mere lapse of time.  "The rights which grow out of the relations existing between mortgagor and mortgagee, as well as the remedies for the enforcement and protection of those rights, are of equitable origin, and are to be determined by the principles of equity, whether the right be asserted or the remedy sought in an action at law or in equity. . . . Courts look to the substantial rights of the parties for the purpose of determining the remedy to which they are entitled, irrespective of the form of the complaint under which the remedy is sought.  Whenever a mortgagor seeks a remedy against his mortgagee, which appears to the court to be inequitable . . . the court will deny him the relief he

seeks, except upon the condition that he shall do that which is consonant with equity. . . . The statute of limitations is a bar to the remedy only, and does not extinguish, or even impair, the obligation of the debtor. It is available in judicial proceedings only as a defense, and can never be asserted as a cause of action in his behalf, or for conferring upon him a right of action." (*Spect* v. *Spect*, 88 Cal. 437, [22 Am. St. Rep. 314, 26 Pac. 203].) It is impossible to reconcile these decisions as to the rights of a mortgagor whose debt has not been paid with the decision under discussion, and no attempt has ever been made to do so. Section 2911 applies alike to mortgages and pledges. The pledgee is in precisely the position occupied by the mortgagee in possession. Property has been placed in his possession by the debtor as security for the discharge of his obligation. It would be as inequitable to assist him in recovering the possession thereof without paying his debt, as to assist a mortgagor in so recovering his property. It is the general rule enunciated by courts of last resort that a pledgor cannot recover possession of the pledged property without paying his debt, although the debt be barred by the statute of limitations, and this rule is based on the equitable doctrine already stated. This court has announced the same rule in regard to a pledge, although perhaps never in a case where it was necessary to the decision. (See *Spect* v. *Spect*, 88 Cal. 437, [22 Am. St. Rep. 314, 26 Pac. 203] ; *Zellerbach* v. *Allenberg,* 99 Cal. 57, 69, [33 Pac. 786] ; *Commercial Sav. Bank* v. *Hornberger,* 140 Cal. 16, 20, [73 Pac. 625].) We have no doubt that it is the correct rule in the absence of express provision to the contrary, and that section 2911 of the Civil Code should not be construed as providing to the contrary. To hold otherwise not only implies a legislative intent not shown by the language of the section, but deprives our numerous decisions as to the rights of a mortgagee of real property of the foundation upon which they are based. If *Mutual Life Insurance Company* v. *Pacific Fruit Co.,* 142 Cal. 477, [76 Pac. 67], is to be followed, either the decisions as to a mortgagee in possession must be overruled, or, accepting the doctrine of those cases as established as a rule of property which should not now be changed, we shall have two diametrically opposed constructions of section 2911, one for the mortgagee in possession and the other for the pledgee.

We cannot see that property rights can by any possibility be injuriously affected by our now declaring what we are satisfied is the true rule in this matter, and declining to follow the decision under discussion.

The case of *Conway* v. *Supreme Council,* 131 Cal. 437, [63 Pac. 727], is cited in the opinion in *Mutual etc. Co.* v. *Pacific etc. Co.,* 142 Cal. 477, [76 Pac. 67], as sustaining the views therein enunciated. The opinion in the Conway case fails to show that the claimants had received or were in possession of the policy, or that they had anything more than a mere equitable lien. The decision goes no further than to hold that in such a case it was essential to the claimant's rights to obtain possession from the beneficiaries of proceeds of the policy, that the lien had not been extinguished by the barring of the principal indebtedness.

In this case, as in *Mutual etc. Co.* v. *Pacific etc. Co.,* 142 Cal. 477, [76 Pac. 67], the position of the beneficiary is clearly that of the pledgor or his successor seeking to recover possession of the pledged property from the pledgee without paying the debt for which it was pledged. The money paid into court as proceeds of the policy has merely taken the place of the policy held in possession by the plaintiff, and for all the purposes of this action should be deemed to be in the possession of the plaintiff.

It follows from what we have said that the issue as to the debt being barred at the time of the death of Henry was an immaterial issue in this action, and the failure of the court to find on an immaterial issue would not warrant the granting of a new trial. It also follows that the evidence without conflict showed that plaintiff's "cause of action herein" is not barred.

There was no conflict in the evidence upon the proposition that Henry assigned and delivered the policy to plaintiff in pledge as security for the debt evidenced by the note. The right of the plaintiff to collect from the insurance company the amount of the policy when it fell due, followed as a matter of law. (Civ. Code, sec. 3006.) A new trial could not, therefore, be granted on the ground of insufficiency of evidence to support the finding as to these matters. There is no other point made in support of the order granting a new trial. It is evident that the new trial was granted by the lower

court solely because of the decision of this court in *Mutual etc. Co.* v. *Pacific etc. Co.,* 142 Cal. 477, [76 Pac. 67].

The order granting a new trial is reversed.

Shaw, J., and Sloss, J., concurred.

BEATTY, C. J.—I concur in the judgment, and also in the opinion, except that portion thereof referring to the case of *Conway* v. *Supreme Council,* 131 Cal. 437, [63 Pac. 727], which case was again before this court on a second appeal (137 Cal. 384, [70 Pac. 223].) I think the effect of the opinion in this case is to overrule—not only the decision of this court in the *Mutual etc. Co.* v. *Pacific etc. Co.,* 142 Cal. 477, [76 Pac. 67], but also the Conway cases.

McFarland, J., Henshaw, J., and Lorigan, J.—We dissent. In our opinion the law on the point at issue was correctly declared in the case of *Mutual Life Ins. Co.* v. *Pacific Fruit Co.,* 142 Cal. 477, [76 Pac. 67], and cases cited in the opinion filed in said case.

Rehearing denied.