[Civ. No. 3105. First Appellate District, Division One.—November 18, 1919.]

## LULU BATES HYDE, Appellant, v. IDA B. STOCKWELL et al., Respondents.

[1] FRAUDULENT CONVEYANCES—PROCURING CREDIT UPON APPARENT OWNERSHIP OF PROPERTY—CONVEYANCE TO ABSENTEE VOID.— Where persons apparently the owners of a clear title to real estate procure credit upon such apparent ownership as a matter of record and also upon their express and repeated assertions that they are the owners of the property in question, which assertions are made for the purpose of inducing another rendering services to them to extend to them such credit, and having obtained a full measure of such credit then seek to avoid liability therefor by conveying the property to a person absent from the state, with the apparent purpose of preventing the successful assertion of their creditor's right to recourse to said property for the payment of her claim, such transfer will be set aside.

[2] PLEADING—DEFECT OF PARTIES—WAIVER.—Where no objection to the defect in parties to an action is urged, either by demurrer or at the trial, the objection cannot be urged for the first time on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.  Affirmed.

The facts are stated in the opinion of the court.

G. Roy Pendell for Appellant.

E. D. Kennedy and A. A. Sturges for Respondents.

RICHARDS, J.—This is an action to quiet title to certain real estate.  The complaint alleges the plaintiff to have been at all the times mentioned therein the owner of the property, and avers that defendants assert some claim or interest therein adverse to the plaintiff, but that they and each of them have no estate, right, title, or interest therein or in any part thereof.  The plaintiff then proceeds to allege that the defendant Ida B. Stockwell has caused the defendant Charles R. Thomas, who is alleged to be a constable, to levy an attachment upon said property and thereby to cloud plaintiff's title thereto; wherefore the plaintiff prays that the defendants be required to set forth their claims to said property, and that they be decreed to be without merit.  The defendant Ida B. Stockwell, after several abortive efforts to present a pleading which would stand the assaults of the plaintiff by demurrers and motions to strike out, finally succeeded in doing so in the form of her fourth amended answer.  The plaintiff demurred to said answer upon the general ground and also upon numerous specified grounds of uncertainty, and also moved to strike out specific paragraphs in said answer upon the grounds of surplusage, sham, redundant, and irrelevant matter.  The court overruled said demurrer and denied said motion to strike out, whereupon the cause proceeded to trial, as a result of which the court made its findings and rendered its judgment in favor of said Ida B. Stockwell, sustaining in the main the affirmative averments of her answer, holding the attachment lien imposed by said defendant upon said property to be superior to the plaintiff's claim of title in fee simple thereto.

The main contentions of the plaintiff upon this appeal are that the court erred in overruling her demurrer to the defendant's fourth amended answer, and in denying her motion to strike out specific portions thereof.  The appel-

lant also contends that the findings of the court in said defendant's favor are not supported by the evidence in the case.

When the answer of the defendant is examined with a view to determining the merit of the first of these contentions it is found to be very inartificially drawn, but on the whole we think that it is sufficient to stand the test of a general demurrer, and also to have enough affirmative matter therein to be able to pass safely through the rather technical criticisms which the plaintiff urged against it in her special demurrer. To the appellant's objection that said defendant has not separately stated her several defenses we find that no objection was made upon this ground in either the demurrer or the motion of the plaintiff; and as to her contention that the said defendant has not embodied the affirmative allegations of her answer in a cross-complaint we are of the opinion that the case of *Klumpke* v. *Henley,* 24 Cal. App. 35, [140 Pac. 289, 313], furnishes an answer to this particular objection.

[1] This brings us to the main contention of the appellant herein, which is that upon the facts alleged in her answer the defendant was not entitled to the relief awarded her, and that the findings and judgment of the court awarding her such relief are not supported by the evidence in the case. As to the latter point, a careful examination of the record convinces us that the said defendant succeeded in proving the main facts set forth in the affirmative part of her answer, and, hence, that both the averments of said answer and the findings of the court were supported by the proofs in the case.

The facts upon which the said defendant relied in her pleading, and in the proofs which supported it for the judgment she succeeded in obtaining, were substantially these: That prior to the twenty-seventh day of September, 1912, the plaintiff in the case was the owner in fee simple of the premises in question, and that on said date she made a grant deed thereof to one Hazel Hofer, her daughter, and to Albert R. Hofer, the latter's husband, of said premises, reserving to herself a life estate therein. The Hofers immediately entered into possession of said premises and occupied and used the same thereafter and up to about the twelfth day of February, 1916. Between the above dates

the Hofers became indebted to the defendant Ida B. Stockwell for personal services in the way of medical advice and attendance rendered to them by her, in order to obtain which and the necessary credit therefor they represented themselves to be the owners of said property and that the same was free and clear of all encumbrances. When, however, the defendant Ida B. Stockwell finally demanded payment for the services rendered by her to Hofers, and when such payment having been delayed or refused, she threatened to bring suit upon her claim, the said Hazel and Albert Hofer, for the purpose of hindering and delaying their said creditor in the event of such suit, and of cheating and defrauding her out of the sum justly due her, caused a deed to be made and recorded, purporting to convey said premises back to the plaintiff herein. At the time of the making of said deed to said plaintiff she was absent from the state of California, and no delivery of the same was actually made to her, but without such delivery said deed was attempted to be put upon record a day or two before the institution of the action by said defendant against the Hofers to recover upon their alleged indebtedness to her and the issuance of an attachment in said action upon said premises. In said action said defendant recovered judgment, upon which there was issued an execution which was duly levied upon the property in question. It was to avoid the threat of such execution and of a threatened sale thereunder that the plaintiff commenced the present action.

We are of the opinion that the foregoing facts as found by the trial court were sufficient to justify the relief to which the court found said defendant entitled. They present a case wherein persons, apparently the owners of a clear title to real estate, procure credit upon such apparent ownership as a matter of record and also upon their express and repeated assertions that they are the owners of the property in question, which assertions are made for the purpose of inducing another rendering services to them and to extend to them such credit, and that having obtained a full measure of such credit they then seek to avoid liability therefor by conveying away the property to an absentee with the apparent purpose of preventing the successful assertion of their creditor's right to recourse to said property for the payment of her just claim. Transfers of property for

such fraudulent purpose have been uniformly set aside by the courts of this state. (*Bull* v. *Ford,* 66 Cal. 176, [4 Pac. 1175]; *First Nat. Bank of Los Angeles* v. *Maxwell,* 123 Cal. 360, [69 Am. St. Rep. 64, 55 Pac. 980]; *Bekins* v. *Deterle,* 5 Cal. App. 690, [91 Pac. 105].)    Section 3439 of the Civil Code seems to fully cover the case when it provides that ''Every transfer of property or charge made thereon, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest, and against any person upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor.''

[2]    The appellant makes the final contention that the court should not have granted the defendant the relief which she sought, for the reason that the Hofers were not made parties to this action.    A sufficient answer to this contention is that no objection was urged by the plaintiff either by demurrer or at the trial to the defect in parties to the action which is now urged for the first time upon appeal, and for that reason will not be considered by this court.

The judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1920.

All the Justices, except Angellotti, C. J., and Wilbur, J., concurred.