[Civ. No. 2872. Third Appellate District.—March 26, 1925.]

## DAN W. BIRD, Respondent, v. LULU MIGNON MURPHY, Appellant.

[1] QUIETING TITLE—PLEADING—FRAUDULENT TRANSFER—ISSUES.—In an action to quiet title to real property, where the complaint contains the simple allegations of a suit to quiet title but is silent as to the source of plaintiff's title, a general denial of plaintiff's allegations as to the ownership and possession of the property in question is sufficient to raise the issue of a fraudulent transfer to plaintiff, even though the allegations of defendant's cross-complaint are insufficient for that purpose, particularly where the sufficiency of such answer and cross-complaint are not attacked, by demurrer or otherwise.

[2] ID.—SUFFICIENCY OF COMPLAINT — APPEAL.—An objection to a complaint, or cross-complaint, on the ground that it fails to state a cause of action, may be raised for the first time on appeal, but objections of this character are looked upon with disfavor, and if, with all reasonable deductions that can be drawn therefrom, the facts alleged are sufficient to show a cause of action, the pleading will be upheld.

[3] ID.—EXECUTION NULLA BONA — EQUITY.—Ordinarily a judgment creditor must exhaust his remedies at law before he can proceed in equity to satisfy a judgment, but when it appears that the issuing of an execution would be fruitless, the issuing and return of the execution is not a necessary prerequisite to the maintenance of a suit in equity.

[4] ID.—FRAUDULENT TRANSFER—TITLE.—So far as an existing judgment creditor is concerned the title and ownership of property conveyed with intent to defraud creditors remains in the fraudulent grantor as completely as though the transfer had not been attempted; and a conveyance made to defraud creditors, and to defeat a valid subsisting judgment, will be set aside in a proper proceeding.

[5] ID.—ISSUES—EVIDENCE—FINDINGS.—In an action to quiet title to real property, where the complaint contains the simple allegations of a suit to quiet title but is silent as to the source of plaintiff's title, and, in addition to a general denial, there is an effort on the part of defendant to plead a fraudulent conveyance of the property, and the form or sufficiency of this latter pleading is not objected to, the question of a fraudulent conveyance is an issue

in the case, and where there is substantial evidence in the record to support such issue, a failure to make a finding upon such issue is reversible error.

(1) 27 C. J., p. 784, n. 62.   (2) 31 Cyc., p. 82, n. 13.   (3) 27 C. J., p. 744, n. 26.   (4) 27 C. J., p. 702, n. 6.   (5) 38 Cyc., p. 1975, n. 28.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Smith, Judge. Reversed.

The facts are stated in the opinion of the court.

B. M. Bainbridge and A. P. Hayne for Appellant.

John R. Cronin for Respondent.

THOMPSON, J., *pro tem.*—This is an action to quiet title to two lots at Lodi, San Joaquin County. The defendant specifically denied the allegations of ownership and right of possession by the plaintiff. In a cross-complaint the defendant also alleged the existence of a judgment in her favor in said county, and a fraudulent conveyance of the property to plaintiff to defraud creditors and defeat her judgment. The cross-defendants appeared and filed disclaimers and specific denial of the alleged fraudulent conveyance. From a judgment quieting title in plaintiff, and failing to pass upon the issue of fraudulent conveyance, this appeal was taken.

[1] The question of the fraudulent conveyance of the lots was an issue at the trial, and should have been passed upon by the trial court.

The complaint contains the simple allegations of a suit to quiet title, as follows: "That the plaintiff is now, and for a long time hitherto, has been the owner and in possession of those certain lots (describing them). . . . That the defendant claims an estate or interest therein adverse to the plaintiff. . . . That the claim of the defendant is without any right whatever." The complaint fails to allege the source of plaintiff's title.

The answer and cross-complaint are inartistically drawn. The material portions are in the following form:

"Denies that plaintiff holds any cause of action against the defendant. Denies that the above Dan W. Bird and

wife are the real owners of the hereindescribed property, or any interest therein.

"Admits that the property was recorded in the name of the above Dan W. Bird on November 13th, 1914. . . .

"Admits that the said property was recorded in the name of the above Alice K. Murphy on August 10th, 1914, . . .

"Admits that the defendant holds a judgment against the above S. S. Murphy, which said judgment clouds the therein title.

"Admits that said defendant holds a judgment lien against the title and premises therein by reason of a judgment in an action in above court against the above S. S. Murphy. Said Judgment found and docketed in her favor prior to the above transfer into the name of the above Dan W. Bird. . . .

"Alleges that above defendant with full knowledge on the part of above plaintiff Alice K. Murphy, secured above judgment against the grantor S. S. Murphy prior to the above recording of said property into the name of Alice K. Murphy, from the name of above S. S. Murphy.

"Further, by way of cross-complaint (defendant) complains;

"That above defendant S. S. Murphy has paid all of the payments due above defendant under said judgment . . . up to and including May 5, 1914. That said defendant S. S. Murphy thereupon ceased to pay and refused to pay said defendant any further moneys . . . under said judgment. That there is now due . . . sixty-two months payments . . . under said judgment. . . .

"That at the time . . . the said judgment . . . was found . . . above S. S. Murphy was the owner of the above property. . . . That soon after the . . . recording of the above property in the name of Dan W. Bird, said property was mortgaged in favor of above Alice K. Murphy, . . .

"Therefore above defendant holds that the aforedescribed transfer of above property into the several names of Alice K. Murphy and Dan W. Bird . . . was for no legal purpose whatever, but said transactions were for the purpose of defrauding said Lulu Mignon Murphy out of the income of . . . said judgment . . . and evading payment thereof."

Then follows the prayer, asking among other things, that the court "declare that the afore described transfer of the

above described property into the name of said Alice K. Murphy, was not for any legal purpose whatever, but for the purpose of defrauding the above defendant. . . . " And further asked the court to find that the judgment created a lien upon the property in question, and that an execution might issue against said property for the satisfaction of said judgment.

The plaintiff Bird, answering the cross-complaint, denied that he acquired the property "for the purpose of defrauding the defendant," or for the purpose of "assisting S. S. Murphy to evade any judgment that the said defendant held against him." And further alleged that the property was acquired in good faith and for a valuable consideration.

Cross-defendants S. S. Murphy and Alice K. Murphy, answering the cross-complaint, denied that the plaintiff acquired the real property in question "for the purpose of defrauding defendant." They further alleged that plaintiff acquired the property in good faith and for a valuable consideration. Both cross-defendants disclaimed any interest in the property.

The evidence shows that the defendant is a daughter of cross-defendant S. S. Murphy. In an action for maintenance under section 206 of the Civil Code the defendant obtained a judgment against her father for the sum of fifteen dollars per month, payable in monthly installments. This judgment was rendered July 2, 1914, and was entered *nunc pro tunc* as of March 21, 1912, and was docketed October 8, 1914. No part of the judgment has been paid or satisfied since July, 1914. At the time of the commencement of the present action to quiet title that judgment for maintenance was in full force. A considerable sum was then due and payable thereon. August 8, 1914, the cross-defendant S. S. Murphy conveyed the lots in question to his wife Alice K. Murphy. Cross-defendants testified that the consideration consisted of voluntary contributions from the wife's separate funds to the household expenses. The amounts of these alleged contributions are very uncertain. There was no previous agreement to refund these sums so advanced, nor to recompense the wife therefor. The conveyance of these lots was made from the judgment debtor to his wife one month after the entry of the judgment. S. S. Murphy owned no other property, except, as he says, one jackknife. Three months later the

lots were conveyed to this plaintiff. The consideration for the last transfer was five hundred dollars. This was paid with plaintiff's note. He denied securing this note by mortgage. Yet February 19, 1915, he executed his mortgage on these same lots to Alice K. Murphy to secure payment of his note for the sum of five hundred dollars. He also took the acknowledgment as notary public to the deed from S. S. Murphy to his wife.

These circumstances furnish at least some evidence of a fraudulent conveyance.

Even though it may be said that the allegations of the cross-complaint are insufficient to raise the issues of a fraudulent transfer, still under the general denial that the plaintiff is the owner or entitled to the possession of the lots in question, since the complaint is silent as to the source of plaintiff's title, and the defendant is not required to anticipate the source of plaintiff's title, a fraudulent transfer may be shown by defendant without specifically alleging such fraud. (12 Cal. Jur. 1056; *Mason* v. *Vestal,* 88 Cal. 396 [22 Am. St. Rep. 310, 26 Pac. 213]; *Howe* v. *Johnson,* 107 Cal. 77 [40 Pac. 42]; *Banning* v. *Marleau,* 121 Cal. 240 [53 Pac. 692].)

In this case there was no objection on the part of plaintiff or cross-defendants to the answer or cross-complaint, by demurrer or otherwise. Nor has the insufficiency of defendant's answer or cross-complaint been attacked on appeal, either by briefs or oral argument. In the case of *United Land Assn.* v. *Pacific Improvement Co.,* 139 Cal. 370 [69 Pac. 1064, 72 Pac. 988], it is said: "We are of the opinion that in a suit to quiet title, as in other suits, a denial of the allegations of the complaint is a sufficient answer."

[2] It is the general rule that an objection to a complaint, or cross-complaint, on the ground that it fails to state a cause of action, may be raised for the first time on appeal, yet "objections of this character . . . are looked upon with great disfavor, and if, with all reasonable deductions that can be drawn therefrom, the facts alleged are sufficient to show a cause of action, the pleading will be upheld." (2 R. C. L. 87; *County Bank of San Luis Obispo* v. *Jack,* 148 Cal. 437 [113 Am. St. Rep. 285, 83 Pac. 705]; *Johnson* v. *Taylor,* 150 Cal. 208 [119 Am. St. Rep. 181, 10 L. R. A. (N. S.) 818, 88 Pac. 903].)

[3] The defendant held a valid judgment against S. S. Murphy, at the time he conveyed the lots in question to his wife, and thence to plaintiff. She then had a right to issue execution against these lots for the satisfaction of the accrued portion of said judgment. Ordinarily a judgment creditor must exhaust his remedies at law, before he can proceed in equity to satisfy a judgment, but when it appears that the issuing of an execution would be fruitless, the issuing and return of the execution is not a necessary prerequisite to the maintenance of a suit in equity. (12 Cal. Jur. 1038; *Blanc* v. *Paymaster Mining Co.,* 95 Cal. 524 [29 Am. St. Rep. 149, 30 Pac. 765].) In this case it clearly appears that the transfer of the lots left the judgment debtor without any property subject to execution. Therefore the issuing and return of an execution prior to the raising of the issue of a fraudulent conveyance was unnecessary.

[4] So far as an existing judgment creditor is concerned the title and ownership of property conveyed with intent to defraud creditors remains in the fraudulent grantor as completely as though the transfer had not been attempted. A conveyance made to defraud creditors, and to defeat a valid subsisting judgment, will be set aside in a proper proceeding. (*Ohio Electric Car Co.* v. *Duffet,* 48 Cal. App. 678 [192 Pac. 298]; *First National Bank* v. *Maxwell,* 123 Cal. 360 [69 Am. St. Rep. 64, 55 Pac. 980]; *Bank of South San Francisco* v. *Pike,* 53 Cal. App. 524 [200 Pac. 752]; *Hyde* v. *Stockwell,* 44 Cal. App. 344 [186 Pac. 391]; *Smith* v. *Morse,* 2 Cal. 524.)

[5] There was an effort on the part of defendant to plead a fraudulent conveyance of the property. The form or insufficiency of this pleading was not objected to. The question of a fraudulent conveyance was an issue in the case. There is substantial evidence in the record to support this issue. There is an absolute right to have a material issue which is presented determined by the findings of the court. A failure to make a finding upon such material is reversible error. (2 Cal. Jur. 1032; *Conway* v. *Supreme Council, etc.,* 131 Cal. 437 [63 Pac. 727].)

Because of the necessity to reverse the judgment in this case for failure to find upon the issue of fraudulent conveyance, it becomes unnecessary to pass upon the question as

to whether a judgment payable in installments creates a judgment lien.

The judgment is reversed and the cause remanded.

Finch, P. J., and Hart, J., concurred.