[No. 62. First Appellate District.—September 23, 1905.]

## H. W. KNOLL, Appellant, v. DRURY MELONE, Respondent.

CONTRACT TO COLLECT CITY BONDS—HALF INTEREST OF ATTORNEY—SALE OF OWNER'S INTEREST IN JUDGMENT—SECOND ASSIGNMENT AS COLLATERAL—CONDITIONAL PROMISE OF ATTORNEY.—Where the owner of city bonds contracted with an attorney to collect them for a one-half interest, and absolutely sold and assigned all his interest in the judgment rendered in payment of a canceled note, but subsequently assumed to assign his interest in the original contract as collateral security for his note to a third person, and directed the attorney to pay the note out of any money which may be due him under the contract: *Held*, that a conditional promise by

the attorney that, should any money come into his hands payable to the maker of the note, he would out of such funds pay the note, does not render the attorney liable by its terms, as no money coming into his hands could be so payable.

ID.—OWNERSHIP OF COLLATERAL — LIEN—RIGHTS OF PLEDGOR.—An assignment by way of collateral security for the payment of a note creates only a lien, and confers no title, which remains in the pledgor, who may at any time extinguish all rights under the assignment by simply paying the note.

ID.—PRIOR NOTICE OF SECOND ASSIGNMENT—NOTE BARRED BY STATUTE —EXTINGUISHMENT OF LIEN—RIGHTS OF PRIOR ASSIGNEE.—The fact that no notice was given to the attorney of the prior assignment of the owner's half interest in the judgment before prior notice had been given of the assignor's assignment of the original contract (which had become merged in the judgment) by way of collateral security, is not material, where it appears that, long before any money was collected, the lien in favor of the payees of the note became extinguished by the lapse of time in which an action could be brought on the note, and that the prior assignee of the judgment, as a purchaser thereof for value, became absolutely entitled to any money that might be collected on the judgment under the interest of the assignor, discharged of any lien in favor of such payees.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Beatty & Sanderson, for Appellant.

Franklin P. Bull, and L. A. Wittenmyer, for Respondent.

HALL, J.—This is an appeal by plaintiff from a judgment in favor of defendant upon the judgment-roll alone. The facts that determine this case, as set forth in the findings, are as follows:—

On the twenty-third day of April, 1881, J. R. Myers was the owner of certain bonds and coupons of the city of Placerville of the face value of $29,500, and by writing under said date entered into a contract with Drury Melone (defendant) whereby Melone undertook to collect from said city said bonds and interest thereon. By the terms of said contract Melone should have, own, and retain one half of whatever should be

recovered on said bonds or coupons by litigation, settlement, or compromise.

May 10, 1882, said Myers, by a writing placed at the foot of said written contract between Myers and Melone, assigned to L. L. Robinson all the interest of Myers in said contract and in said bonds and coupons as security for the sum of four thousand dollars due by Myers to Robinson, and evidenced by promissory note of date May 10, 1882, and bearing interest.

June 30, 1885, Myers executed to Robinson a renewal note for the principal and interest, then amounting to fifty-eight hundred dollars, to bear interest at ten per cent per annum, and payable one day after date, and as collateral security therefor again assigned to Robinson all the interest of Myers in said contract with Melone and in said bonds and coupons. Robinson did not give notice to Melone of said assignments, and Melone had no knowledge thereof on or before March 5, 1887.

October 6, 1886, judgment was entered in the superior court of the city and county of San Francisco in favor of Myers and Melone against the city of Placerville for the amount due upon said bonds and coupons.

On September 1, 1887, Myers, by a writing, made an absolute assignment of his one-half interest in said judgment to Robinson in payment of the note for fifty-eight hundred dollars, nothing having been paid thereon, and said note was canceled, and Robinson released Myers from all claims and demands, and thereafter said Robinson always claimed to be the absolute owner of said one half of said judgment.

That on the first day of February, 1887, said Myers was indebted to Davis & Son in the sum of three hundred dollars, and on said·date executed to Davis & Son a promissory note, payable on demand, for three hundred dollars, and interest at one per cent per month, and as security for the payment of the sum assigned all his interest in said bonds and said contract with Melone to Davis & Son, and executed and delivered to Davis & Son the following writing:—

"OAKLAND, CAL., Feb. 1st, 1887.

"I hereby pledge and assign to said George A. I. Davis, as security for and of the above note all my interest in the contract between me and Drury Melone, relating to the bonds and coupons of the City of Placerville, and interest thereon.

I hereby direct the said Melone to pay the above note out of any money which may be due me at any time under or by virtue of said contract.          J. R. MYERS.''

Melone was notified of said assignment March 5, 1887, and referring to said order signed the following:—

''The within orders were presented this 5th day of March 1887, and should money come into my hands payable to J. R. Myers or his wife I will out of such funds pay the above note.          DRURY MELONE.''

(Mrs. Myers never had any interest in the matter.)

Robinson died in 1892, and Sophia G. Cutter was appointed executrix of his will, and on the fourth day of October, 1899, Melone, upon a compromise (consented to by said Cutter), collected from the city of Placerville in full satisfaction of said bonds $30,910.

The note to Davis & Son had never been paid, and plaintiff is now the owner thereof by proper assignment.

In response to a plea of the statute of limitations made by the defendant the court found that said promissory note to Davis & Son is barred by the provisions of section 337 of the Code of Civil Procedure, but the action upon the writing signed by Melone, March 5, 1887, is not barred.

The court further found and decided that Melone never collected or received any money payable to J. R. Myers, but that the money collected under said compromise was one half for Melone and one half for the executrix of Robinson's will, and gave judgment for defendant for his costs.

The judgment rendered by the trial court is correct.

The only promise to pay ever made by Melone is contained in the writing of date March 5, 1887, and was conditional. It is in these words: ''The within orders were presented this 5th day of March, 1887, and should money come into my hands payable to J. R. Myers or his wife I will out of such funds pay the above note.''

No money ever did come into Melone's hands payable to Myers. The condition upon which Melone promised to pay the Davis note has never arisen. Long before any money was collected Myers had by an absolute assignment of the judgment which had been recovered on the bonds, parted with

all claim to any interest in the bonds, and consequently none of the money collected was payable to him. Melone did not promise to pay out of such money as he might collect on the bonds, but only out of such money as should be payable to Myers.

His promise cannot be extended beyond the plain meaning of the words used by him. Indeed, if we understand the contention of appellant, he does not rely so much upon this conditional promise of Melone's, but rather upon the effect of the assignment of the bonds to Davis & Son, February 1, 1887, and the fact that they notified Melone of such assignment before Melone received any notice of Robinson's assignments.

Counsel states his position in the form of a supposititious dialogue between his client and Melone, and puts these words into the mouth of his client: "Robinson bought out Myers September 1, 1887, six months after my assignment. As for the lien he had on the fund when I gave my notice, it yielded to me because of that notice. As against his prior *right* you must pay me because of my prior *notice*. As against his subsequent purchase I am protected by my prior *assignment and notice*." (Italics are ours.)

In support of his position appellant has discussed the law as to the relative rights of successive assignees of a chose in action as depending on the order in which they give notice to the debtor or trustee of the fund, as the case may be, and especially relies on *Graham Paper Co.* v. *Pembroke,* 124 Cal. 117, [71 Am. St. Rep. 26, and note, 56 Pac. 627].

With the doctrine of this latter case we have no quarrel, but it has no application to the facts of this case.

What were the rights secured by Davis & Son under the assignment of February 1, 1887? The assignment was *as security* for the payment of the promissory note, and by such assignment they did not become the owner of any interest in the bonds or in the contract with Melone, or in the potential fund that might result from the bonds. Myers still remained the owner of the bonds, and Davis & Son as between him and them had a lien thereon as security for the payment of the note. It is perfectly plain that Myers could have extinguished all right Davis & Son had under the assignment and order by simply paying the note.

I Cal. App.—41

The principle above stated is amply supported by *Bibend* v. *Liverpool etc. Ins. Co.*, 30 Cal. 19, cited by appellant.

In this latter case Wallstein and Mears gave notes to Wegener & Shoenbar for an indebtedness they owed the latter firm, and agreed that Wegener & Shoenbar should hold certain insurance policies as collateral security with the right to collect the insurance in case of loss, and apply the amount on the debt. Subsequently Wegener & Shoenbar assigned the notes and policies to Bibend. A loss by fire occurred; suit was brought, and the court, in discussing the effect of the assignment of the policies, said: "The insurance in this case was effected in the names of Wallstein and Mears, upon their property, and the premiums were paid by them. At the time of the fire the property belonged to them, and so did the policies of insurance. At that time the plaintiff held the policies, not as the owner of them by title absolute, but as evidence of his right under the contract entered into between the firms mentioned to receive of the insurance companies the money due Wallstein & Mears by reason of the loss by fire, and to appropriate sufficient of it to the payment of the amount due on the notes assigned to him by Wegener & Shoenbar.

"The subject to which the contract of these firms had reference was the money which might become due from the insurance companies in case of a loss of the property by fire. The effect of the contract was not to transfer the title and property of Wallstein & Mears in the policies. They had the power at any time to possess themselves of the policies by paying the amount due to Wegener & Shoenbar. . . . At that time the plaintiff had no more than an equitable lien on the fund created by the concurrence of the loss and the liability of the insurers to pay."

Davis & Son having acquired, by the assignment to them of February 1, 1887, as security for the demand note of same date, no absolute title either to the bonds, contract, or the fund to be derived from the bonds, but simply a lien thereon for the payment of such note, the next question is: What has become of that lien? The answer is: It has long since been extinguished by lapse of time.

Upon the face of the complaint (and the finding of the court accords therewith) the note to Davis & Son was barred

by the statute long before any money was collected by Melone on the bonds.

"A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." (Civ. Code, sec. 2911; *Newhall* v. *Sherman, Clay & Co.,* 124 Cal. 509, [57 Pac. 387], and cases there cited; and also *Conway* v. *Supreme Council,* 131 Cal. 437, [53 Pac. 727], and 137 Cal. 384, [70 Pac. 223],—two appeals.)

If Myers had not made an absolute assignment of his interest in the bonds to Robinson, and an action had been brought against Myers by Davis & Son to foreclose their lien on the bonds for the payment of the note, at any time subsequent to February 1, 1891, Myers could have successfully pleaded the bar of the statute. The right of action on the note being barred, the right to enforce the lien on the bonds or the proceeds thereof is also barred.

Robinson for value purchased the judgment, into which the bonds had merged, September 1, 1887, and as soon as the statute had run against the note from Myers to Davis & Son he was entitled to all the money that might be collected thereon under the Myers interest, discharged of any lien in favor of Davis & Son.

The judgment is affirmed.

Cooper, J., and Harrison, P. J., concurred.