[Civ. No. 6818. Second Appellate District, Division One.—November 14, 1931.]

LEONARD J. WOODRUFF, Appellant, v. W. RAY BENBOW, Respondent.

J. A. Coleman and Ed. Fitzpatrick for Appellant.

A. B. Ritchey for Respondent.

CONREY, P. J.—On December 27, 1927, plaintiff commenced this action against respondent Benbow and one Mary Bell Lewis to recover possession of certain described personal property, consisting of furniture, screens, pictures, etc. Plaintiff was the owner of a chattel mortgage on said personal property, which mortgage had been given to him in the year 1922 by Mrs. Lewis, owner of the property, and which property, at the time of commencement of this action, was in possession of respondent Benbow. By means of a claim and delivery proceeding the property was placed in possession of the sheriff, who then sold it at public sale held pursuant to the decree of foreclosure of the chattel mortgage, and plaintiff became the purchaser. At the time when the property was taken away from respondent under the claim and delivery proceeding, respondent Benbow was in possession of said personal property claiming the right to hold such possession for the protection and enforcement of a lien arising out of repairs and storage of the property by respondent for Mrs. Lewis. By his answer to the complaint in this action respondent asserted his right to said lien for storage and repairs, claiming that his rights in the premises were superior to those of the plaintiff. Judgment was rendered in favor of respondent and the plaintiff appeals therefrom.

The property in question had come into possession of respondent in August, 1924, in accordance with a written contract between respondent and Mrs. Lewis. The storage and repair charges, referred to in the answer and findings herein, were provided for and authorized in said contract. The facts concerning the storage and repairs and the value thereof were found by the court, which findings are sustained by the evidence. It thus appears that the principal question in this case is a question of priority of right as between the owner of the chattel mortgage and the person holding possession of the personal property described in the mortgage, the possessor claiming to hold for the pro-

tection of a lien for storage and repairs, later in its date of origin than the said chattel mortgage.

■ Appellant's first point is that the court should have sustained his "demurrer to the affirmative matter set up" in the said respondent's answer. We think that the answer was sufficient to raise the issues which were tried by the court.

■. Next it is contended that the statute of limitations has run as against respondent's claim of lien for alleged work and services; also that the claim for storage was barred as to each and every month within the first four years of the original lease providing for monthly payments for the storage. The repair work was commenced in September, 1924, and completed in March, 1925. The lease in which the contract for storage was contained was a five-year lease beginning August 1, 1924. The liens for repairs and for storage, respectively, are statutory liens. (Civ. Code, secs. 3051 and 1856.) Respondent never brought any action on the storage contract or to enforce the liens claimed by him. His answer to the complaint in this action was filed on January 6, 1928. In support of appellant's contention that the lien of respondent was extinguished by lapse of time, appellant refers to section 2911 of the Civil Code, which reads as follows: "A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." Apparently, however, this section 2911 was not intended to prevent the operation of the equitable rule, that a debtor may not quiet title against an outlawed mortgage or pledge without paying his debt. Thus in *Puckhaber* v. *Henry*, 152 Cal. 419, 424 [125 Am. St. Rep. 75, 14 Ann. Cas. 844, 93 Pac. 114], the Supreme Court said: "It is the general rule enunciated by courts of last resort that a pledgor cannot recover possession of the pledged property without paying his debt, although the debt be barred by the statute of limitations, and this rule is based on the equitable doctrine already stated. This court has announced the same rule in regard to a pledge, although perhaps never in a case where it was necessary to a decision. (Citing cases.) We have no doubt that it is the correct rule in the absence of express provision to the contrary, and that section 2911, Civil Code,

should not be construed as providing to the contrary." And if the pledgor is not entitled to take possession of property from the pledgee without satisfying the debt, we see no reason why the holder of a chattel mortgage given by the pledgor against the same property should be held to be in any better situation in that respect than is the mortgagor in whose shoes the mortgagee stands, unless the pledge itself (aside from the statute of limitations) is for some reason subordinate to the mortgage.

Appellant in support of his contention that his chattel mortgage should be given priority over the Benbow liens relies upon *Wilson* v. *Donaldson*, 121 Cal. 8 [66 Am. St. Rep. 17, 43 L. R. A. 524, 53 Pac. 404] ; but he admits that the Supreme Court has not followed the cited case, and that the decision in *First Nat. Bank* v. *Silva*, 200 Cal. 494 [254 Pac. 262], runs to the contrary. In this later decision (pp. 501, 502), approving and quoting another decision, the court said: "The principle seems to be that where the mortgagee does not take possession, but leaves it with the mortgagor, he thereby assents to the creation of a statutory lien for any expenditure reasonably necessary for the preservation or ordinary repair of the thing mortgaged." And in *Mortgage Securities Co.* v. *Pfaffmann*, 177 Cal. 109 [L. R. A. 1918D, 118, 169 Pac. 1033], the Supreme Court said: "Here it may be said that this consideration is not complicated, as respondent urges, by the fact that the Chatts were in default under their chattel mortgage at the time they delivered the automobile to the defendant for repairs. They were still the legal possessors of the automobile, and their possession continued to be legal until the plaintiff exercised its rights under its mortgage and took unto itself that possession." Further on (p. 113) the court said: "Did the legislature mean that every artisan and mechanic to whom might be delivered a chattel for improvement and repair must search the records to discover whether that article had been mortgaged and, failing so to do, be at the peril of the impairment or total destruction of his lien, or did it mean that the money lender who took for security a chattel mortgage should take it with the understanding as part of his contract that improvements and repairs placed upon the article should be subject to a preferential possessory lien? Without hesitation we answer

that the second alternative is sustainable as a just interpretation of the legislative enactments.''

■ Appellant contends that the judgment entered in favor of respondent, requiring that the plaintiff return to respondent the said personal property, or repay to respondent the stated value thereof, is against law, for the reason that it is not supported by any allegation in respondent's answer of the fact that the sheriff had taken the property. As hereinabove noted the fact is, that at the time when defendant's answer was filed, the property had been taken from respondent by means of plaintiff's claim and delivery proceeding in this action, and the property had been sold pursuant to the decree of foreclosure of the chattel mortgage. At the trial these facts were stated to the court by counsel for appellant, and there was no dispute about it. While respondent's answer did not, in direct terms, state that the property had been seized and taken from him by means of the claim and delivery proceeding, his answer did contain a prayer for recovery of possession of the property, or for the sum claimed by him. Section 667 of the Code of Civil Procedure provides that in any action to recover the possession of personal property, ''if the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot be had, and damages for taking and withholding the same''. In *Banning* v. *Marleau,* 101 Cal. 238 [35 Pac. 772], the Supreme Court held that it was error to enter judgment for return of the property by plaintiff to defendant, etc., where there was no prayer, claim or demand of any kind in the answer for the return of the property or its value. That decision did not hold that the answer must contain an affirmative pleading of the seizure by which the property was taken from the defendant. Inferentially, the court would have considered it enough if the answer had in any way claimed a return of the property. See, also, *Skaggs* v. *Taylor,* 77 Cal. App. 519 [247 Pac. 218], where the court said that in any event, the defendant having set forth a claim in unmistakable terms for the return of the property, he was clearly entitled to such relief; and also held, that if the plaintiff fails to prove his averments, the general denial determines that the property should be restored to

the defendant; and that, consequently, if in his answer the defendant has made due claim for such return, he is entitled to judgment to that effect. We think, therefore, that the suggestion that the judgment is against law, by reason of the asserted defect in defendant's answer, is without merit.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 12, 1931.