## TUCCI v. ARBUSTO.

District Court, S. D. New York.
Dec. 4, 1931.

Maurice N. Kreis, of New York City, for libelant.

WOOLSEY, District Judge.

I will not sign the proposed decree on default until proper process has been issued.

I. In this case the libel is entitled in personam, but its prayer sounds both in personam against the co-owner Arbusto, and in rem against the Aranac II.

I shall treat it, therefore, as a libel in licitation both in rem and in personam.

Aside from the fact that the libel is not headed as being in rem and in personam in the present case, the form of libel is precisely in the form given by Benedict on Admiralty (5th Ed.) vol. II, page 28.

II. The difficulty with the situation here is that, whilst the marshal has already arrested the vessel on a process in rem, there has not been any process in personam issued, and such a process must issue against the co-owner defendant Arbusto and he must have defaulted thereon as a prerequisite to my right to enter a default decree in this matter.

For cases involving a similar situation of equal co-owner, see The Emma B (D. C.) 140 F. 770; The John E. Mulford (D. C.) 18 F. 455, at page 457; Coyne v. Caples (D. C.) 8 F. 638, 639.

For other cases dealing generally with the subject matter of such proceedings, see The Orleans v. Phoebus, 11 Pet. 175, 9 L. Ed. 677; The Ocean Belle, Fed. Cas. No. 10,402, 6 Ben. 253; Lewis v. Kinney, Fed. Cas. No. 8325, 5 Dill. 159; Bradshaw v. The Sylph, Fed. Cas. No. 1,791; Tunno v. The Betsina, Fed. Cas. No. 14,236.