[S. F. No. 14555. In Bank.—July 21, 1933.]

ANGLO-CALIFORNIA TRUST COMPANY (a Corporation), Appellant, v. C. H. HOLBROOK, Jr., et al., Respondents.

Erwin C. Easton and Isla V. Davies for Appellant.

Stanley Pedder for Respondents.

THOMPSON, J.—Plaintiff appeals from a judgment decreeing that it has no interest in a certain certificate of membership in the San Francisco Golf and Country Club formerly belonging to defendant C. H. Holbrook, and from a decree quieting the title of defendant Nellie V. Holbrook thereto. Defendant C. H. Holbrook disclaimed any interest in the certificate, pleading that the certificate was the property of his wife, defendant Nellie V. Holbrook. The facts out of which the controversy arose are as follows:

Prior to June of 1925 Mr. Holbrook was admittedly the owner of the membership in question and in possession of the certificate evidencing the same. Prior to this date Mrs. Holbrook, from her personal estate, had loaned various sums to her husband aggregating well over $5,000. On June 2, 1925, as evidence of this indebtedness, Mr. Holbrook executed and delivered to his wife a demand note in the sum of $5,410, and pledged his membership in the club as collateral security therefor. The certificate of membership was indorsed and delivered by Mr. Holbrook to Mrs. Holbrook at the time of the execution of the above note, and the evidence shows that Mrs. Holbrook has been in sole and exclusive possession of the same ever since. Appellant concedes that after June 2, 1925, the certificate was validly pledged to secure the debt owing to Mrs. Holbrook. The collateral security agreement executed by Mr. Holbrook ex-

pressly empowered the pledgee, in case of default by the pledgor, to sell the pledged property at public or private sale without notice to the pledgor, and waived presentment, protest and notice of protest. As already stated, the note in favor of Mrs. Holbrook was a demand note, and for that reason the statute of limitations started to run from the date the note was executed. It therefore follows that the statute ran against the note in June of 1929. No payments of principal or interest were ever made on the note, nor was any written renewal or extension thereof ever executed.

In August of 1930 Mrs. Holbrook learned that appellant was intending to execute on the membership for a judgment debt of her husband. She talked the matter over with her husband, and several days before August 18th notified him that she intended to sell the membership under the pledge agreement. The evidence shows that Mr. Holbrook not only had actual notice of the proposed sale, and consented thereto, but also advised Mrs. Holbrook that to sell under the pledge was the only way to protect her rights. On August 18, 1930, a private sale of the pledged property was held in Mr. Holbrook's office. Mr. Holbrook was present and consented to the sale. Several other persons were also present. Mrs. Holbrook produced the certificate, read it to those present, and asked for bids. None being made, she bid the property in for $1,000, and applied the same on the indebtedness due her. The next day she notified an employee in the office of the club of the change in ownership of the certificate. The trial court held that this was a valid sale, and that thereafter the entire interest in the membership vested in Mrs. Holbrook.

Appellant's claim to an interest in the certificate is based on the following circumstances: On July 29, 1930, appellant secured a judgment by default against Mr. Holbrook in the sum of $2,204.04. Early in August appellant attempted to levy on the certificate, but this attempt was abandoned, appellant now conceding that this first levy was ineffectual for all purposes. On August 27, 1930, however, appellant did levy on the certificate and on September 3, 1930, at a sheriff's sale, appellant purchased all of the right, title and interest of Mr. Holbrook in and to the certificate.

It is at once apparent that if the pledgee's sale of August 18th was valid, appellant secured nothing by its

subsequent levy and sale under the writ of execution. This is so for the obvious reason that on September 3, 1930, appellant merely purchased the interest of Mr. Holbrook in the membership, and if that interest was terminated on August 18, 1930, the levy of August 27th and the sale of September 3d could confer no rights on appellant. Appellant contends that the sale of August 18th was invalid, for the reason that on that date the note for which the pledge was given as security was barred by the statute of limitations, and for that reason the lien of the pledge was extinguished. Section 2911 of the Civil Code provides: "A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." Appellant contends that under this section after the running of the statute of limitations on the debt all affirmative rights of the pledgee, including the right to sell the pledged article, are lost. Appellant, however, concedes that even after the running of the statute the pledgee retains the negative right of retention of the pledged article, and that neither the pledgor, nor those claiming through him with notice of the pledge, can secure the return of the pledged article without paying the debt. Appellant, therefore, concedes that Mrs. Holbrook has the right to remain in possession of the certificate as against appellant until her debt is paid, but contends that it, as successor in interest to Mr. Holbrook, can redeem the certificate upon paying the debt owing to Mrs. Holbrook. No offer to pay this debt has ever been made by appellant.

Although it is true that in this state, contrary to the common law, the rule is that the lien of a pledge is extinguished "by the lapse of time within which . . . an action can be brought upon the principal obligation" (Civ. Code, sec. 2911), and that thereafter all affirmative rights of the pledgee are lost as against the pledgor, or those who have a lien on the pledged property (*Puckhaber* v. *Henry*, 152 Cal. 419 [93 Pac. 114, 125 Am. St. Rep. 75, 14 Ann. Cas. 844]; 6 Cal. Jur. 601), it is equally true that this is a right of the pledgor alone and may be waived by him. In the present case, before appellant had any claim to the property at all the pledgor consented to and in fact advised a sale of the pledged property to satisfy in part the debt admittedly owing to the pledgee. On August 18, 1930, the

pledgor, or any other person with a lien on the property, could undoubtedly have taken advantage of the provisions of section 2911 of the Civil Code and thus prevented a valid sale. But, in the present case, on August 18, 1930, the only persons with any claim to the property were the pledgor and pledgee. On that date Mr. Holbrook could have *given* his wife the property and, in the absence of fraud, which admittedly was not present in this case, no one could complain. Mr. Holbrook did not *give* the property to his wife, but he consented to her selling the property under the pledge in partial satisfaction of the debt. Such consent and approval must be held to have validated the sale and to have ratified any irregularities therein as to Mr. Holbrook and anyone claiming through him subsequent to and with notice of the sale. The principle that the consent of the pledgor validates what otherwise would be an improper sale is well settled. (*Hill* v. *Finigan,* 62 Cal. 426; *Bell* v. *Bank of California,* 153 Cal. 234 [94 Pac. 889]; see, also, *Cushing* v. *Building Assn.,* 165 Cal. 731 [134 Pac. 324], where the rule was indirectly recognized.) **[3]** After the pledgor had consented to such a sale, and after the sale had been held, thus vesting in Mrs. Holbrook the title to the property as against her husband, the appellant, claiming through a subsequent levy and sale under an execution against Mr. Holbrook, and with notice of the claims of Mrs. Holbrook, could get no more right to the property than Mr. Holbrook had. As was said in *Richman* v. *Bank of Perris,* 102 Cal. App. 71, 88 [282 Pac. 801, 809]: ''The lien of an execution and attachment proceedings attaches to the real and not to the apparent interest of a judgment debtor in and to his property, and the purchaser at an execution sale takes subject to such existing liens and equities as the property was subject to in the hands of the debtor, unless he can show he purchased the same without notice, either actual or constructive of the existence of such liens or equities. (*Whitney* v. *Sherman,* 178 Cal. 435 [173 Pac. 931]; *Riley* v. *Martinelli,* 97 Cal. 575 [33 Am. St. Rep. 209, 21 L. R. A. 33, 32 Pac. 579]; *De Celis* v. *Porter,* 59 Cal. 464; *Weston* v. *Bear River etc. Co.,* 6 Cal. 425.)''

The judgment appealed from is affirmed.

Seawell, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.