[L. A. No. 17146. In Bank. Nov. 13, 1941.]

E. FORREST MITCHELL, as Insurance Commissioner, etc., Petitioner; REX B. GOODCELL, Successor (Substituted Respondent), v. AUTOMOBILE OWNERS INDEMNITY UNDERWRITERS (an Inter-Insurance Exchange), Defendant; HARRY ASHTON, as Trustee in Bankruptcy, etc., Appellant.

Edwin J. Miller for Appellant.

Eugene P. Fay for Respondent.

EDMONDS, J.—Considering only the essential facts relating to the controversy which is the subject of this appeal, the question for decision concerns the right of a pledgee to collect upon collateral more than four years after the note for which the collateral was given had matured.

The Insurance Commissioner of the state is liquidating Automobile Owners Indemnity Underwriters, an inter-insurance exchange, under appointment of the superior court. In his capacity as liquidator, the commissioner holds a note and deed of trust made by one Bassett which were given to the Underwriters as collateral security for a note executed by Jerome M. Glaze in its favor. Glaze has been adjudicated a bankrupt; Ashton is the trustee of his estate.

Among the assets of the Glaze estate is a note made by Bassett also secured by a deed of trust of the property described in the one held by the liquidator. It is conceded that the deed of trust held by Ashton is junior to the one in the possession of the liquidator. Each of the Bassett notes and that of Glaze is in default.

The liquidator filed a petition in the Superior Court of Kern County alleging an inability to find the two trustees named in the Bassett deed of trust and requesting an order discharging them and the appointment of W. P. Wood in their stead. The court entered a decree as requested. Thereafter, at the request of the liquidator, Wood filed a declaration of default and proceeded to sell the property described in the deed of trust.

Thereupon Ashton, as trustee, petitioned the superior court for leave to sue the liquidator for the purpose of enjoining such sale. His petition was granted to the extent that he was authorized to submit the question concerning the respective rights of the parties to that court. Ashton then filed a petition asking that the liquidator and the trustee under the Bassett deed of trust held by the liquidator be enjoined from selling the real property described therein. As the basis for such an order, Ashton alleged that because the note made by Glaze had become due more than four years before, the lien of the pledgee upon the Bassett note and deed of trust had expired and the liquidator could not by the affirmative action of a sale, collect upon the collateral.

The liquidator and the trustee under the deed of trust held by him answered the allegations of Ashton's petition and set up certain affirmative defenses. Upon a hearing of the issues thus presented, the superior court denied the petition with prejudice. The appeal is from that order.

According to petitioner, where collateral securities are pledged to the payment of a note, any affirmative action on the part of the pledgee to collect such collateral is barred when the right of action on the note is extinguished by lapse of time. To hold otherwise, he asserts, would permit the pledgee to collect an outlawed debt in contravention of section 2911 of the Civil Code; therefore, the liquidator should be enjoined from collecting the Bassett note in his possession by a foreclosure of the deed of trust, since the Glaze note, to the payment of which such securities were pledged is now barred by the statute of limitations. Petitioner also challenges the authority of Wood to act as trustee, contending that the proceedings which resulted in his substitution were void.

 Section 2911 of the Civil Code provides: "A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." The effect of this section, it has been held, is to prevent a pledgee from taking affirmative action to enforce his pledge lien for the purpose of collecting a barred principal indebtedness (*Puckhaber* v. *Henry,* 152 Cal. 419 [93 Pac. 114, 125 Am. St. Rep. 75, 14 Ann. Cas. 844]; *Anglo-California Trust Co.* v. *Holbrook,* 218 Cal. 531 [24 Pac. (2d) 169]; *Knoll* v. *Melone,* 1 Cal. App. 637 [82 Pac. 982]; *Goldwater* v. *Hibernia Savings etc. Soc.,* 19 Cal. App. 511 [126 Pac. 861, 863]). The bar of the statute of limitations, however, affects the remedy only and does not impair the obligation. Accordingly, although the pledge lien is extinguished and the affirmative action of foreclosure thus lost, the pledgee nevertheless has the negative right to retain the pledged security until the principal obligation has been satisfied (*Zellerbach* v. *Allenberg,* 99 Cal. 57 [33 Pac. 786]; *Puckhaber* v. *Henry, supra; Bridge* v. *Connecticut Mutual Life Ins. Co.,* 167 Cal. 774 [141 Pac. 375]; *Woodruff* v. *Benbow,* 118 Cal. App. 318 [5 Pac. (2d) 73]).

■ Moreover, contrary to the claim of petitioner, neither the language of the code section nor the decisions construing it prohibit all affirmative action by the pledgee in connection with the pledged collateral; the affirmative action which, it has been held, may not be taken, is a proceeding against the debtor to collect the outlawed obligation by foreclosing the pledge lien. In seeking to collect the Bassett note by a sale in accordance with the provisions of the deed of trust securing it, the liquidator is not foreclosing his lien by way of pledge nor proceeding affirmatively upon the outlawed Glaze note. He is merely collecting the proceeds of collateral pledged as security for such note.

■ That an action to collect pledged securities is not a proceeding upon the principal indebtedness is clearly established by the case of *Merced Secur. Sav. Bank* v. *Casaccia*, 103 Cal. 641 [37 Pac. 648]. There, the note and mortgage of a third party were assigned to the creditor as collateral security for the debtor's note. In deciding whether an action to foreclose the mortgage was a proceeding for the recovery of the principal debt, the court said: ''The mortgage was not given to secure the principal debt of defendant to plaintiff. It was a collateral matter. The suit to foreclose it was not an action for the recovery of the principal debt. It was an act for the preservation of the security. . . . '' This decision was later approved and followed in *McArthur* v. *Magee*, 114 Cal. 126 [45 Pac. 1068].

To the same effect is *Puckhaber* v. *Henry, supra*, which concerned a policy of insurance on the life of a debtor pledged to secure a promissory note. At the time of the debtor's death the obligation evidenced by the note had become barred by lapse of time. The amount due upon the policy was paid into court and was claimed by the administratrix of the debtor's estate and the creditor-pledgee. In rejecting the contention of the administratrix that, because the statute of limitations had run upon the note, the pledgee could not collect the proceeds of the insurance policy, the court reasoned that the pledgee's authority to retain possession of the policy until his debt was satisfied included the additional right to collect the proceeds thereof when due. In the language of the court, ''The money paid into court as proceeds of the policy has merely taken the place of the policy held in posses-

sion by the plaintiff, and for all the purposes of this action should be deemed to be in the possession of the plaintiff.''

This case was cited and followed in *Bridge* v. *Connecticut Mutual Life Ins. Co., supra*, upon an identical factual situation. And in *Savings Union Bank & Tr. Co.* v. *Crowley,* 176 Cal. 543 [169 Pac. 67], it was held that the pledgee of stock could lawfully collect the dividends declared on such stock and apply them in satisfaction of her debt notwithstanding the running of the statute of limitations upon the note representing that debt.

■ It is not only the pledgee's right but also his duty to collect the evidence of a debt pledged lest the remedy on the collateral be barred by the statute of limitations and he be held liable to the pledgor for failure adequately to protect the security left in his possession (Civ. Code, sec. 3006; *Traders' Bank* v. *Wilcox,* 42 Cal. App. 24 [183 Pac. 256]; *Hawley Bros. Hdw. Co.* v. *Brownstone,* 123 Cal. 643 [56 Pac. 468]). This right is not lost by the running of the statute of limitations on the principal indebtedness. In fact, it is of paramount interest to the pledgor that the pledgee retain the right of collection under such circumstances. ■ Under the cases cited, unless he is able and willing to satisfy the outlawed debt, the pledgor may not compel the pledgee to relinquish the pledged collateral. Without the right of collection in the pledgee, no one would have a cause of action to enforce payment of the collateral when due, and the statute of limitations would ultimately run upon it.

■ Petitioner contends that this rule is inapplicable when the rights of a junior lienholder are involved. The authorities, however, indicate that the junior lienholder is in the same position as the debtor and may invoke the aid of the statute of limitations only when the pledgee or mortgagee is seeking to foreclose his lien in an effort to collect an outlawed obligation. (*Flack* v. *Boland,* 11 Cal. (2d) 103 [77 Pac. (2d) 1090]; *Anglo-California Trust Co.* v. *Holbrook, supra.*) In the present case the liquidator is attempting no such affirmative action but is seeking merely to collect pledged collateral in accordance with his right and duty as a pledgee; the junior lienholder is the debtor upon the outlawed principal obligation and, under the circumstances here

shown, is not entitled to the benefit of equity when he is not offering to do equity.

The question remains whether the order of the Kern County Superior Court discharging the two former trustees under the Bassett deed of trust and appointing Wood as their successor was void. It is the contention of petitioner that the court was without jurisdiction to enter the decree of substitution because the liquidator, as a pledgee, was without power to institute such proceedings, that neither the removed trustees nor petitioner, as beneficiary under the trust deed, were made parties in the action or served with notice therein; and the cause for removal of the former trustees, as stated in the petition, is not one of the statutory grounds included in sections 2281, 2282, and 2287 of the Civil Code.

It is elementary that, in the absence of some ground of estoppel, parties and their privies may collaterally impeach a judgment void on its face for lack of jurisdiction. (*Forbes* v. *Hyde,* 31 Cal. 342; *Rue* v. *Quinn,* 137 Cal. 651 [66 Pac. 216, 70 Pac. 732]; *Estate of Pusey,* 180 Cal. 368 [181 Pac. 648]; see cases cited in 15 Cal. Jur. 49.) This right does not depend upon any showing of prejudice to their interests. As to strangers to the record, however, a different rule obtains. They may attack a void judgment only when, if the judgment were given full effect, some right in them would be affected by its enforcement. (*Swallow* v. *Tungsten Products Co.,* 205 Cal. 207 [270 Pac. 366]; *Bennett* v. *Wilson,* 133 Cal. 379 [65 Pac. 880, 85 Am. St. Rep. 207]; Freeman on Judgments, vol. 1, pp. 636–639.)

Neither the petitioner nor Glaze, in whose shoes he stands, was a party to the proceedings for the substitution of the trustee. Accordingly, under the principles which have been heretofore stated, as the liquidator has the right to collect the pledged collateral by foreclosing the Bassett deed of trust held by him, the petitioner has not been prejudiced by the decree of substitution, assuming it to be void. None of his substantive rights has been injured. A successful attack on the decree of substitution would avail him nothing, for the liquidator is entitled to foreclose the deed of trust held by him through action of the trustees therein named or another validly substituted.

These conclusions make it unnecessary to discuss the points raised by the respondents.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Traynor, J., concurred.

Appellant's petition for a rehearing was denied December 11, 1941. Carter, J., voted for a rehearing.