[L. A. No. 22511. In Bank. Dec. 17, 1952.]

MANUEL S. MADRUGA, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent.

Levenson, Levenson & Block and Eli H. Levenson for Petitioner.

Luce, Forward, Kunzel & Scripps for Respondent.

SHENK, J.—Coowners representing 85 per cent of the interest in the Oil Screw Vessel Liberty, Official No. 256,332, docked at the city of San Diego, filed in the superior court in San Diego County a complaint for partition by sale of the vessel and distribution of the proceeds to all the coowners. Manuel S. Madruga, the owner of the remaining 15 per cent interest, named as defendant in the complaint, filed a demurrer stating among other grounds that the superior court had no jurisdiction of the subject matter and that exclusive jurisdiction was in the federal court. The respondent court overruled the demurrer and announced that it would proceed by requiring the defendant to answer the complaint. Thereupon the minority owner and defendant in the partition proceeding applied for the writ of prohibition directing the respondent court to refrain from further proceedings. The alternative writ issued. The jurisdictional question is submitted on the petition and the demurrer thereto.

The action in the respondent court is one for partition by sale of the vessel as personal property and for distribution of the proceeds to the several coowners in accordance with their stated individual interests, pursuant to sections 752a et sequitur of the Code of Civil Procedure. It is alleged that there are no liens or encumbrances against the vessel. Partnership and accounting problems are not involved.

It is the petitioner's position that the jurisdictional question has been determined favorably to his contention by this court's decision in *Fischer* v. *Carey* (1916), 173 Cal. 185 [159 P. 577, L.R.A. 1917A 1100]. The respondent seeks to distinguish that case as one involving minority owners and contends that the state has concurrent jurisdiction with the federal court by virtue of the saving clause in the federal Judicial Code.

Section 2 of article III of the United States Constitution provides that the judicial power of the United States courts shall extend "to all cases of admiralty and maritime jurisdiction." The Act of September 24, 1789, section 9, chapter 20 (1 Stats. at L. 73, 77 Jud.Code, § 24(3), 28 U.S. Code, § 41 (3)), provided that the United States District Courts

should have "exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction . . . saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it." By decision this saving clause has been deemed to refer to the existing right to proceed against parties in personam, as in contract or tort. (See *North Pac. Steamship Co.* v. *Industrial Acc. Com.* (1917), 174 Cal. 346 [163 P. 199], workmen's compensation; *Higgins* v. *Eva* (1928), 204 Cal. 231 [267 P. 1081], action for proportionate share of cost of salvaging and repairing the vessel; *United States of Mexico* v. *Rask* (1931), 118 Cal. App. 21 [4 P.2d 981], lien for repairs.) But it has been said that the right to proceed in rem is the distinctive remedy of admiralty and that neither Congress nor the state can confer jurisdiction upon the state courts to proceed in rem. (See Benedict on Admiralty, p. 33 et seq.) It has been held that the proceeding to partition (licitation or sale) is one in rem, although also in personam by the necessity of requiring all coowners to be joined. (*Tucci* v. *Arbusto* (S.D.N.Y.), 56 F.2d 666.)

Section 41(3) of the Judicial Code was subsequently repealed and in 1948 section 1333 (28 U.S.C.) was substituted. In 1949 Congress amended section 1333 (63 Stats. 101) to provide that the district courts have original jurisdiction exclusive of the state courts of any civil case of admiralty or maritime jurisdiction "saving to suitors in all cases all other remedies to which they are otherwise entitled." Thus at this time there is no necessity to resolve the question whether the reservation of the original section referred only to remedies known to the common law. The question is whether there is now available to coowners of a vessel a partition proceeding in the state courts.

In *Fischer* v. *Carey, supra* (173 Cal. 185), decided in 1916, it was concluded that the state court did not have concurrent jurisdiction in a partition proceeding commenced by minority coowners. There the minority owners sought an accounting, the appointment of a receiver to operate the vessel, the sale of the vessel and a division of the proceeds. The trial court appointed a receiver to take possession of and to operate the vessel, and to preserve her and her earnings until the further order of the court. On the appeal the defendants' contention that the controversy was cognizable exclusively in the federal district court prevailed.

This court held that on the facts equitable relief by way of accounting was merely incidental to the principal relief sought, namely, the sale of the ship and a distribution of the proceeds; that it was essentially a proceeding in rem and thereby invaded the exclusive admiralty jurisdiction of the federal court. It was declared that admiralty had the sole power to say when and under what circumstances a vessel should be sold. It was pointed out that the federal policy controlling the exercise of that jurisdiction was to keep the vessel in employment and to that end permit the majority to determine the use or employment of the ship, since the remedy by stipulation and bond was given to the dissenting minority; that in admiralty usually partition was granted in a controversy between equal owners, but denied on the application of minority owners. In treating of a possible refusal of the majority to employ the vessel, the court pointed to language in *The Seneca*, 3 Wall.Jr. 395 (F. Case. No. 12670, involving equal owners), declaring that since the minority could not compel the majority to employ the vessel, the majority should not be permitted to keep the vessel idle to the injury of the minority and to the public detriment, hence the ship could be valued and sold. Reference was also made to Story on Partnership, page 611 et sequitur, which was quoted to the effect that the general maritime law authorized a sale in admiralty in all cases where by reason of disagreement among the coowners, the ship could not be employed whether or not there was an equality in the dissenting interest. After an extensive review of decisional and text authority, it was said that the many declarations respecting the power in admiralty, whether on application of majority, equal or minority owners, did not preclude a determination that jurisdiction resided in admiralty to entertain cases respecting sale, but that such declarations were to be taken as specifying when and how, in conformity with applicable policy and existing remedies, the jurisdiction would be exercised. (See and *cf.* 48 Am.Jur., p. 78, § 108.)

Decisional law that admiralty has jurisdiction in partition by the sale of a vessel does not necessarily determine that the state does not have concurrent jurisdiction when the remedy therefor exists. On the contrary there is authority to the effect that the state has concurrent jurisdiction in equity to partition a vessel by sale when there is disagree-

ment among the coowners as to how the ship should be employed. The leading case (*Andrews* v. *Betts* (1876), 8 Hun. (15 N.Y.) 322), and others following it were treated in *Fischer* v. *Carey, supra,* 173 Cal. at page 192 et sequitur. In *Andrews* v. *Betts* unequal owners sought partition and sale of a propeller operated under acts of Congress on the Hudson River. It was decided that concurrent state jurisdiction existed under state equity powers (as distinct from any common law remedy) to decree partition and sale. That case was rejected in *Fischer* v. *Carey* because the common law provided no such remedy and partition in equity was therefore not a remedy reserved to suitors by the federal statute.

The answer here is resolved by the 1949 amendment to the Judicial Code saving to suitors all other remedies to which they are "otherwise entitled." The amendment clarifies the intent to preserve to the state concurrent jurisdiction where a remedy is provided under state law which is available to the plaintiffs. In *Jordine* v. *Walling* (1950), 185 F.2d 662, it was recognized that amended section 1333 authorized state courts to entertain suits by seamen for maintenance and cure. It was pointed out that section 1333 was amended to conform with the decisions (as in *Andrews* v. *Betts*), to the effect that any competent court having jurisdiction of the parties was authorized to entertain a civil action for the enforcement of a right conferred by the maritime law where adequate relief might be given in the action. It follows that the state court is competent to decree ownership interests, sale of a vessel, and distribution of the proceeds, at least where the granting of the relief does not conflict with the federal maritime policy that the majority owners determine the use and employment of the vessel. Therefore the respondent court has power to proceed on the petition of the majority owners here.

The peremptory writ is denied and the alternative writ is discharged.

Gibson, C. J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Traynor, J., concurred in the judgment.