[Civ. No. 8452.   Fourth Dist., Div. One.   Apr. 20, 1967.]

SUN HARBOR MARINA, INC., Plaintiff, Cross-defendant and Respondent, v. BRENT L. SELLICK, Defendant, Cross-complainant and Appellant.

Brent L. Sellick, in pro. per., for Defendant, Cross-complainant and Appellant.

Higgs, Jennings, Fletcher & Mack, Edward M. Wright, Frederick G. Tellman and Wright & Toothacre for Plaintiff, Cross-defendant and Respondent.

COUGHLIN, J.—Defendant appeals from a judgment in favor of plaintiff quieting title to a vessel and denying him relief on a cross-complaint.

Plaintiff's title to the vessel is premised upon a sale foreclosing a possessory lien for storage charges. Defendant, as owner of the vessel, caused it to be stored in a slip at plaintiff's place of business in San Diego. While the vessel was in storage defendant sold it, under a conditional sales contract, to people named Potter. The latter continued the vessel in storage; paid the charges therefor up to April 12, 1963; and did not pay the charges incurred thereafter. Plaintiff claimed a possessory lien upon the vessel for unpaid storage charges; in November 1964 made a demand in writing upon the purchaser and defendant for payment thereof; and on December 28, 1964, following notice of sale in the manner prescribed by former Civil Code section 1858.56,[1] caused the vessel to be sold at public auction in satisfaction of its lien. Plaintiff purchased the vessel at the sale, and brought the instant action to quiet title thereto. Defendant answered, and filed a cross-complaint charging plaintiff with conversion.

On appeal defendant advances many contentions; attacks the jurisdiction of the trial court; claims plaintiff, for a number of reasons, did not have the lien asserted by it or the right to foreclose such in the manner undertaken; and objects to rulings and conduct of the trial court in the course of the trial.

In this opinion it will be assumed, there being no contention to the contrary, the case is one of admiralty or maritime jurisdiction. Defendant contends any lien on the vessel for storage was a maritime lien; the only method of foreclosing such was by a proceeding in a federal court; the state procedure employed to foreclose plaintiff's claimed lien was ineffective; and the state court did not have jurisdiction of the instant action which, he claims, effected transfer of the title to the vessel to plaintiff. These contentions are without merit.

■ Under existing federal statute the district courts of the United States have original jurisdiction, exclusive of the state courts, of any "civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to

---

[1] Civ. Code, § 1858.01 et seq., i.e., the Warehouse Receipts Act, were repealed and supplanted by appropriate sections in the Com. Code which became effective January 1, 1965, i.e., following the auction sale in the case at bench. (Stats. 1963, ch. 819, p. 1997.)

which they are otherwise entitled." (28 U.S.C., § 1333.) The exception from exclusive federal jurisdiction includes remedies through court proceedings (*Madruga* v. *Superior Court,* 40 Cal.2d 65, 67-69 [251 P.2d 1]), and remedies *in pais. (Red Cross Line* v. *Atlantic Fruit Co.,* 264 U.S. 109, 123 [68 L.Ed. 582, 586, 44 S.Ct. 274].) Where a remedy is available in both a state court and a federal court jurisdiction is concurrent. (*Madruga* v. *Superior Court, supra,* 40 Cal.2d 65, 67-69; *Moore* v. *Purse Seine Net,* 18 Cal.2d 835, 837 [118 P.2d 1].) The saving clause in the current statute, i.e., 28 U.S.C., section 1333, is broader than the saving clauses in similar preexisting statutes, i.e., the Judicature Act of 1789 (1 Stat. 76, ch. 20, § 9), and reenacting provisions of the United States Code. (See 28 U.S.C., [1940 ed.] §§ 41, subd. 3, and 371, subd. 3.) The current saving clause excepts from federal jurisdiction "all other remedies," whereas the former saving clauses excepted "the right of a common law remedy." (*Ibid.*) The broadening effect of the change is noted in *Madruga* v. *Superior Court, supra,* 40 Cal.2d 65, 67-69.

A warehouseman or depositary for hire storing a vessel has a possessory lien thereon for storage charges. (Civ. Code, §§ 1858.50 and 1856.) Heretofore it has been held a remedy for the enforcement of such a lien afforded by a state court or statutory procedure is a common law remedy excepted from the exclusive jurisdiction of the federal courts by virtue of the former saving clauses. (*Knapp, Stout & Co.* v. *McCaffrey,* 177 U.S. 638, 640 [44 L.Ed. 921, 20 S.Ct. 824, 825]; *Olsen* v. *W. H. Birch & Co.,* 133 Cal. 479, 483 [65 P. 1032, 85 Am.St.Rep. 215]; *Arques* v. *National Superior Co.,* 67 Cal.App.2d 763, 768-774 [155 P.2d 643]; *Jewett* v. *City Transfer & Storage Co.,* 128 Cal.App. 556, 559 [18 P.2d 351]; *United States of Mexico* v. *Rask,* 118 Cal.App. 21, 49 [4 P.2d 981]; see also *Moore* v. *Purse Seine Net, supra,* 18 Cal.2d 835, 837.) The present saving clause, excepting all remedies to which a lien holder is entitled, *a fortiori* excepts his common law remedies.

Defendant's jurisdictional arguments are premised upon decisions inapplicable to the instant situation, upon a claim the lien in question is a federal maritime lien (46 U.S.C., §§ 971 and 975), or a state maritime lien provided by Harbors and Navigation Code section 491, subdivision (d), and upon the further claim the foreclosure sale and instant action were proceedings *in rem* to enforce a maritime lien enforceable only in a federal court (46 U.S.C., § 975; *Stephens* v. *Weyl-*

*Zuckerman & Co.*, 34 Cal.App. 210 [167 P. 171]) ; disregard the broad character of the present saving clause and the fact the lien in question s a possessory lien; and for these reasons, are immaterial to the issue.

The maritime lien conferred by federal law (46 U.S.C., § 971), like the maritime lien conferred by state law (Harb. & Nav. Code, § 491, subd. (d), which in effect duplicates Code Civ. Proc., § 813), exists independently of possession by the lienholder; is enforcible by an action *in rem*; and where a possessory lien also exists, provides a cumulative and not exclusive remedy. Even assuming enforcement of such a maritime lien is confined to an action *in rem* in the federal courts (46 U.S.C., §§ 971 and 975; *Stephens* v. *Weyl-Zuckerman & Co.*, 34 Cal.App. 210, 213-217 [167 P. 171]), enforcement of a concurrently existing possessory lien is not so confined, but may follow the available common law or statutory remedy. (*Arques* v. *National Superior Co., supra,* 67 Cal.App.2d 763, 768-774; *Jewett* v. *City Transfer & Storage Co., supra,* 128 Cal.App. 556, 559; *United States of Mexico* v. *Rask, supra,* 118 Cal.App. 21, 49.)

The lien claimed by plaintiff is premised upon an application to the facts at hand of Civil Code section 1856, conferring a possessory lien in favor of a depositary for hire, and of former Civil Code section 1858.50, conferring a possessory lien in favor of a warehouseman.

The enforcement procedure adopted by plaintiff was that prescribed by Civil Code section 1858.56 for the satisfaction of a warehouseman's possessory lien; and also complied with the requirements of the procedure prescribed for satisfaction of the possessory lien in favor of a depositary for hire. (*Stewart* v. *Naud,* 125 Cal. 596, 598-600 [58 P. 186].) Defendant's arguments that plaintiff's lien was limited in amount, and the method adopted to enforce it was improper, are premised upon an assumption the lien was conferred by Civil Code section 3051. However, insofar as section 3051 conferred a possessory lien for storage, it was superseded by the subsequently adopted Civil Code section 1858.50. (*Jewett* v. *City Transfer & Storage Co., supra,* 128 Cal.App. 556, 560-562.)[2]

Defendant's claim that plaintiff could not assert a

[2]Civ. Code, § 3051, originally was enacted in 1872; the Warehouse Receipts Act, which superseded the provisions of § 3051, insofar as it conferred a possessory lien for storage, was enacted in 1909 (Stats. 1909, ch. 290, p. 437); and in turn the latter statute was superseded by the Warehouse Receipts Act of 1953 (Stats. 1953, ch. 49, pp. 683, 688.)

286

warehouseman's lien because it was not a licensed warehouseman is without merit. The licensing requirements prerequisite to the operation of the business of a warehouseman (Pub. Util. Code, § 1051) do not apply to the business of storing vessels (Pub. Util. Code, § 239) even though the Warehouse Receipts Act, conferring a possessory lien for storage of goods, applies to the latter business. (Civ. Code, § 1858.04.)

Defendant contends his right as owner of the vessel under the contract of sale was not terminated by foreclosure of the lien. ▆ The interest of the seller as well as the interest of the purchaser under a contract of sale is subject to the possessory lien imposed by statute securing payment of charges for storage of the property sold. (Civ. Code, § 1858.59; cf. *First Nat. Bank* v. *Silva,* 200 Cal. 494, 501 [254 P. 262]; *Mortgage Securities Co.* v. *Pfaffmann,* 177 Cal. 109 [189 P. 1033, L.R.A. 1918D 118]; *Woodruff* v. *Benbow,* 118 Cal.App. 318, 321 [5 P.2d 73].) Defendant's analogy to a third party claim situation is irrelevant to the issue.

▆ The attack upon the sufficiency of the evidence to support the finding plaintiff caused the vessel to be sold at public auction is premised upon the claim no sale took place as noticed. Actually the attack is directed to the weight of the evidence rather than its sufficiency. In support of his claim defendant relies upon the testimony of his witness that the purported sale did not take place, which contradicts the testimony of plaintiff's witnesses to the contrary. The action of the trial court in accepting the latter testimony rather than the former is not subject to review on appeal. (*Cottle* v. *Gibbon,* 200 Cal.App.2d 1, 4 [19 Cal.Rptr. 82].)

▆ Also without merit is the claim the auction sale was invalid because the person conducting it was not a licensed auctioneer as allegedly required by city ordinance. Prerequisite to proof of an alleged violation of a city ordinance is admission of the ordinance in evidence. (*City of Oakland* v. *Brock,* 8 Cal.2d 639, 641 [67 P.2d 344]; *Stamper* v. *City of Los Angeles,* 80 Cal.App.2d 242, 245 [181 P.2d 687].) Although defendant attached copies of parts of an ordinance regulating auctioneers to a brief filed with the trial court, the ordinance was not admitted or offered in evidence.

▆ Defendant also contends the trial court erred in sustaining an objection to admission into evidence of a letter from one of his witnesses. He made no offer of proof from which the contents of the letter or his purpose in introducing it in evidence might be ascertained. On the face of the record

the letter was hearsay evidence and the objection thereto properly was sustained.

Alleged misconduct of the trial court to which defendant directs attention did not constitute reversible error.

The claimed lack of findings on the issues raised by the cross-complaint is not ground for reversal. The findings on the issues raised by the complaint support the conclusion plaintiff is the owner of the vessel by virtue of a properly conducted sale foreclosing a possessory lien for storage charges. The cross-complaint alleged a conversion of the vessel premised upon the invalidity of the foreclosure proceedings. The findings upon the complaint negated this allegation.

The judgment is affirmed.

Brown (Gerald), P. J., and Lazar, J. pro tem.,* concurred.

A petition for a rehearing was denied May 5, 1967, and appellant's petition for a hearing by the Supreme Court was denied June 14, 1967.

---

*Assigned by the Chairman of the Judicial Council.